In the Matter of Philip Gottesman, a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, August 4, 1988

■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

---

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* and *Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Henry Conan Caron* for respondent.

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee moves for an order that respondent Philip Gottesman be disbarred for his willful failure to comply with an order of the Appellate Division entered December 8, 1987 which directed him to show cause, within 30 days from the date of said order, why a final order of suspension, censure or removal from office should not be made.

Respondent Philip Gottesman was admitted to practice in the State of New York by the Appellate Division, First Department, on March 15, 1976. Respondent was convicted, upon his guilty plea, in the United States District Court for the Eastern District of New York, of mail fraud, a Federal felony (18 USC § 1341). In furtherance of a fraudulent scheme, respondent prepared and filed false New York State and local sales and use tax returns, which deprived the State of more than $65,000 in sales tax. Respondent was sentenced to two months' imprisonment commencing July 13, 1987, to be followed by two years' probation, and a $1,000 fine. In a petition returnable on October 13, 1987, the Disciplinary Committee sought an order (1) determining that respondent was convicted of a "serious crime" (Judiciary Law § 90 [4] [d]); (2) suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and (3) directing him to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal should not issue. Respondent's answer filed on November 2, 1987, was not considered by this court in its deliberations which resulted in the order of suspension.

By an order entered on December 8, 1987 (132 AD2d 188), this court suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) and 22 NYCRR 603.12 (b) based upon his conviction for mail fraud, a "serious crime" as defined by Judiciary Law § 90 (4) (d). This court further

ordered that respondent, within 30 days of the date of entry of said order, show cause why a final order of suspension, censure or removal from office should not be made. On December 9, 1987, a copy of said order with notice of entry was served upon respondent by regular mail and certified mail, return receipt requested. The notice and order sent by certified mail was returned to the Disciplinary Committee as unclaimed. The notice was sent again by regular mail on December 29, 1987 with no response.

The Disciplinary Committee now moves for an order directing that respondent be disbarred for his willful failure to comply with the December 8, 1987 order of this court.

Respondent responds to the present motion by asserting that (1) he did not fail to answer the original petition; and (2) he did not knowingly fail to appear in the disciplinary proceeding. He avers that due to his incarceration at the Federal Correctional Facility at Loretto, Pennsylvania, he was not personally served with the petition until September 23, 1987, approximately a week after his release. Unable to answer the petition by October 8, 1987 because of his personal circumstances, respondent alleges that he requested and obtained the consent of the Committee to an adjournment to November 7, 1987. He submitted his answer on November 2, 1987. Respondent also alleges that he became aware of the December 8, 1987 order only when the present disbarment motion papers were served on him in March 1988. Respondent emphasizes that he intended no disrespect or disregard for the process of law, the regulations of the Departmental Disciplinary Committee or the legal profession. As mitigating factors, respondent points to his previously unblemished legal career and his cooperation with the authorities in prosecuting his codefendants.

In a separate affirmation, respondent's counsel argues the following: (1) that respondent's alleged misconduct was as an accountant and bookkeeper, not as an attorney; (2) that the respondent's conduct was not regarded as criminal conduct in this State in 1981; (3) that the Federal authorities subjected respondent to selective prosecution; and (4) that respondent's previously unblemished legal career and cooperation with the authorities should not be considered in mitigating the penalty imposed on him.

The Disciplinary Committee replies that respondent (1) failed to seek permission from this court for the adjournment

of his answer; (2) failed to reply to the December 8, 1987 order directing him to show cause, why he should be censured, suspended or disbarred; and (3) has failed to file an affidavit of compliance with the order of suspension pursuant to 22 NYCRR 603.13 (f). The Committee further contends that respondent never sought to reargue or appeal this court's determination that he had been convicted of a "serious crime" as defined by Judiciary Law § 90 (4) (d) and that respondent has manifested his "utter unfitness to remain a member of the bar" by his failure to appreciate the seriousness of his offenses.

Judiciary Law § 90 (4) (d) defines the term "serious crime" as follows: "d. For purposes of this subdivision, the term serious crime shall mean any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."

The statute clearly defines a "serious crime" as conviction of a felony under Federal law, regardless of the status of the crime under State law. Further, respondent never moved for reargument, or for leave to appeal from this court's order which determined that he had committed a "serious crime" as defined by the statute.

Respondent's excuses for his failure to timely answer the petition, and comply with the December 8, 1987 order are unconvincing. Respondent failed to obtain the court's permission for an extension of time in which to submit an answer to the petition. The genuineness of respondent's claim that he did not receive notice of the December 8, 1987 order is questionable in light of petitioner's efforts to serve him by regular and certified mail.

Respondent's conduct throughout these proceedings demonstrates his unfitness to remain a member of the Bar. This conduct includes: (1) his failure to notify this court or the Committee of his Federal conviction in violation of Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f); (2) his failure to file an affidavit of compliance with this court's December 8, 1987

order of suspension, as required pursuant to 22 NYCRR 603.13 (f), even after his admitted receipt of the order on March 24, 1988; (3) his default on answering the petition seeking his suspension; and (4) his reluctance to acknowledge his own responsibility for the sales tax fraud and to recognize the seriousness of his conduct. In addition, this court has generally imposed the sanction of disbarment when a conviction for mail fraud in violation of 18 USC § 1341 is involved. *(Matter of Sparer,* 131 AD2d 36 [1st Dept 1987]; *Matter of Moskowitz,* 130 AD2d 346 [1st Dept 1987]; *Matter of Wagner,* 107 AD2d 60 [1st Dept 1985], *appeal dismissed* 65 NY2d 812 [1985].)

Consequently, the Disciplinary Committee's motion for an order disbarring the respondent, Philip Gottesman, from the practice of law, should be granted and respondent's name should be ordered stricken from the roll of attorneys in the State of New York.

Ross, J. P., Carro, Asch, Kassal and Smith, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective immediately.