In the Matter of JAMES J. CALLY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 4, 1989

### APPEARANCES OF COUNSEL

*Polly M. Puner* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*James J. Cally,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, James J. Cally, was admitted to the practice of law in New York by the Second Judicial Department on October 24, 1945. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On February 23, 1985, respondent was convicted in the United States District Court for the Middle District of Florida of unlawfully devising a scheme and artifice to defraud and obtain money by false and fraudulent pretenses, mail fraud, and unlawful use of the mail to obtain money by false and fraudulent pretenses in violation of 18 USC §§ 1341, 1342, 371 and 372.

By order dated July 18, 1985, this court suspended respondent from the practice of law in the State of New York on the ground that respondent was convicted of "serious crimes" within the meaning of Judiciary Law § 90 (4), and directed respondent to show cause within 30 days why a final order of censure, suspension or removal from office should not be entered. Respondent failed to do so. Nor did he comply with this court's rule, 22 NYCRR 603.13, which requires, *inter alia,* that suspended attorneys submit an affidavit of compliance within 10 days after the effective date of the suspension order. On October 22, 1985, more than 90 days after the effective date of the suspension order, respondent submitted an affidavit of compliance in which he stated that he would not show cause.

On October 31, 1985, respondent was subpoenaed by petitioner, the Departmental Disciplinary Committee for the First Judicial Department, and interviewed under oath concerning his compliance with the court's suspension order. During that interview, respondent admitted that he continued to have and pay for office space at Cally & Cally, and that the firm's letterhead had not yet been changed to delete his name. He also stated that orders "had been given" to strike his name from the escrow account of the firm, and that he "would" no longer be on the account. Finally, respondent stated that he did not know whether the firm's clients were aware that he was no longer associated with the law firm.

On July 16, 1987, petitioner moved to disbar respondent for

failing to comply with this court's order of July 18, 1985. Respondent submitted an affidavit in opposition in which he requested, *inter alia,* that he be granted an extension of time to respond to the motion until after the appeal of his criminal conviction was decided. By order dated October 8, 1987, this court denied the motion to disbar and denied respondent's request for a stay pending the outcome of his appeal on the basis that the pendency of a criminal appeal is not a ground for delaying action in a serious crime proceeding. Notwithstanding, respondent was granted an additional 30 days to respond to the petition. Again, he failed to do so.

On November 13, 1987, respondent appeared at petitioner's office for a second sworn interview. When questioned as to whether he planned to show cause within 30 days as directed by the court's order of October 8, 1987, respondent responded "[n]o". During the interview, respondent admitted that he had not notified his clients of his suspension and that he still had an office in the firm of Cally & Cally. He stated, however, that he "hoped" to be out of the office in a week. Petitioner also adduced testimony that in 1986 respondent was named as a defendant in a civil action entitled *Cornelius v Cally et al.,* in which he appeared *pro se,* and that in July 1987, he wrote two letters, one to Justice Santaella and one to the plaintiff's attorney, on Cally & Cally letterhead. In addition, respondent admitted sending at least 3 or 4 other letters out on his firm's old stationery. Respondent also testified that he was unsure as to whether he was still a signatory on the law firm's escrow account and he denied signing any checks.

Subsequent to this sworn interview, petitioner's staff conducted a further investigation, obtaining bank records which revealed that respondent's name had not yet been taken off the Cally & Cally account and that, contrary to his testimony, respondent had written numerous checks on said account. Petitioner's investigation also revealed that respondent has continued to hold himself out as an attorney by advertising in the 1986 and 1987-1988 Manhattan "White Pages" and in the 1988 Southwestern Bell Manhattan "Yellow Pages".

Petitioner now moves for an order disbarring respondent from the practice of law for his failure to comply with this court's orders of July 18, 1985 and October 8, 1987.

Respondent was twice given the opportunity to show cause why a final order of sanction should not be entered and thus present evidence in mitigation of his misconduct. Rather than

comply with this court's orders, respondent has taken the position that he could not defend himself against the charges until the appeal of his criminal conviction is finally determined. As previously noted, however, respondent was specifically advised that the pendency of a criminal appeal is not a ground for delaying action in a serious crime proceeding. Nevertheless, respondent refused to comply with this court's second order and he continues to justify his position by claiming that his criminal appeal has not yet been decided. This failure to comply with two orders of this court, as well as respondent's conviction of serious criminal offenses, warrants his disbarment. *(See, Matter of Gottesman,* 139 AD2d 229 [1st Dept 1988]; *Matter of Sparer,* 131 AD2d 36 [1st Dept 1987]; *Matter of Moskowitz,* 130 AD2d 346 [1st Dept 1987]; *Matter of Wagner,* 107 AD2d 60 [1st Dept], *appeal dismissed* 65 NY2d 812 [1985].)

Petitioner further requests that this court reject respondent's affidavit of resignation, on the basis that it fails to comply with 22 NYCRR 603.11, which provides that an affidavit of resignation must state that respondent is aware of any pending investigation into his misconduct which misconduct is to be specifically set forth, and in addition, there must be an admission that he cannot successfully defend himself on the merits against the pending charges.

Although respondent admits that he has been convicted of a "serious crime" and that he cannot successfully defend himself on the merits, the serious crime conviction was only a part of the investigation that was pending before petitioner. Respondent was also under investigation by petitioner for failure to comply with this court's order of suspension for allegedly practicing law while suspended. Since respondent had gone to petitioner's office on two occasions for sworn interviews, he was well aware of the nature of the investigation. By submitting an affidavit of resignation without admitting that he was aware of that investigation and that if charges were drawn based on the misconduct under investigation he could not successfully defend himself on the merits, respondent submitted an incomplete affidavit which was not in compliance with the rules of this court. Significantly, respondent characterizes the affidavit as being in "substantial" compliance with 22 NYCRR 603.11. "Substantial" compliance, however, is not what is required.

Under all the circumstances, petitioner's motion for an order disbarring respondent should be granted. Respondent

has flouted this court's orders and defied its rules, and as such, he is unfit to remain a member of the Bar.

Accordingly, respondent should be disbarred from practice as an attorney and counselor-at-law in the State of New York and his name stricken from the roll of attorneys and counselors-at-law in the State of New York effective immediately.

MURPHY, P. J., ROSS, CARRO, WALLACH and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York effective the date hereof.