In the Matter of MELVIN MILLER (Admitted as MELVIN H. MILLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 25, 1992

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gerald B. Lefcourt* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Melvin Miller was admitted to the practice of

law in New York by the Appellate Division, Second Department, on December 23, 1964, under the name Melvin H. Miller. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred, because of his conviction for a felony as defined by Judiciary Law § 90 (4) (e). In support of its application, petitioner has presented proof that, on December 13, 1991, respondent was convicted, after a trial by jury, in the United States District Court for the Eastern District of New York, of eight counts of mail fraud in violation of 18 USC § 1341, one count of using a false and fictitious name in violation of 18 USC § 1342, and one count of conspiracy in violation of 18 USC § 371.

For the purposes of the automatic disbarment provisions of Judiciary Law § 90 (4) (b), a felony is defined as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). Petitioner argues that the underlying facts of the mail fraud counts of which respondent was convicted establish a felony pursuant to this section in that they would constitute violations of Penal Law §§ 190.65, 155.30, 155.35 and 155.40.

However, the mail fraud statute under which respondent was convicted, 18 USC § 1341, prohibits certain specified acts which constitute a misuse of the facilities of the United States Postal Service, which acts are not, as statutorily defined, "essentially similar" (see, Matter of Margiotta, 60 NY2d 147, 150-151) to acts which are defined as a felony by the laws of this State. (See, Matter of Teplin, 82 AD2d 296, 297.) Under such circumstances, we cannot look beyond the language of the Federal statute to the underlying factual allegations of the indictment in order to see if those allegations are capable of establishing a violation of New York law (cf., Matter of Margiotta, supra). We, therefore, find that respondent has not been convicted of a felony within the meaning of Judiciary Law § 90 (4) (e).

Although mail fraud does not constitute a felony within the

meaning of section 90 (4) (e), it clearly constitutes a "serious crime" within the meaning of section 90 (4) (d) *(Matter of Gottesman,* 139 AD2d 229; *Matter of Sparer,* 131 AD2d 36; *Matter of Moskowitz,* 130 AD2d 346), requiring that respondent be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and that a hearing be held in order to determine an appropriate sanction.

Accordingly, petitioner's motion to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is denied, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and the matter is referred to petitioner for a hearing on the issue of the appropriate sanction. *(See generally,* Gillers, Regulation of Lawyers: Problems of Law and Ethics, at 664 [Discipline] [3d ed 1992].)

ROSENBERGER, J. P., KUPFERMAN, ROSS, ASCH and KASSAL, JJ., concur.

Application to strike respondent's name from the roll of attorneys and counselors-at-law is denied, and respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), effective June 25, 1992, and until the further order of this court, and the matter is referred to the Departmental Disciplinary Committee for the First Judicial Department for a hearing on the issue of sanction.