In the Matter of HARVEY MYERSON (Admitted as HARVEY DANIEL MYERSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 22, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John R. Horan* of counsel *(Fox & Horan,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Harvey Myerson, was admitted to the practice of law in New York by the First Judicial Department on December 22, 1964 under the name Harvey Daniel Myerson. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been automatically disbarred, because of his conviction of a felony as defined by Judiciary Law § 90 (4) (e). In support of its application, petitioner has presented proof that on April 29, 1992, respondent was convicted, after a trial by jury, in the United States District Court for the Eastern District of New York, of five counts of mail fraud and interstate travel fraud in violation of 18 USC §§ 1341 and 2314, respectively, which are felonies under the United States Code.

As this court has recently held, in determining whether an attorney who has been convicted of a crime in another jurisdiction has committed acts which would constitute a felony under New York law, we will not look beyond the language of the statute which describes the offense to the underlying allegations of the indictment *(Matter of Adolf,* 180 AD2d 382; *Matter of Miller,* 180 AD2d 377). As to respondent's conviction for mail fraud, this court has previously found that the statute under which respondent was convicted, i.e., 18 USC § 1341, prohibits acts which are not, as statutorily defined, essentially similar to acts which are defined as a felony by the laws of this State *(id.).* As to respondent's conviction for interstate travel fraud, we similarly find that the statute describing this offense, i.e., 18 USC § 2314, which prohibits the use of interstate or foreign commerce in the execution or concealment of certain fraudulent schemes, is addressed to acts which are not "essentially similar" *(Matter of Margiotta,* 60 NY2d 147) to acts which are defined as a felony in New York.

Although the crimes of which respondent has been convicted do not constitute felonies within the meaning of section 90 (4) (e), they clearly constitute "serious crime[s]" within the meaning of section 90 (4) (d) *(Matter of Adolf, supra; Matter of Gottesman,* 139 AD2d 229), requiring that respondent be suspended from the practice of law pursuant to Judiciary Law

§ 90 (4) (f) and that a hearing be held in order to determine an appropriate sanction.

Accordingly, petitioner's motion to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is denied, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and the matter is referred to petitioner for a hearing on the issue of sanction.

ROSENBERGER, J. P., ELLERIN, WALLACH, SMITH and RUBIN, JJ., concur.

Petitioner's application to strike respondent's name is denied, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court, and the matter remanded to petitioner for a hearing on the issue of sanction.