In the Matter of SAMUEL KONIGSBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard E. Mischel,* P. C., for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Samuel Konigsberg was admitted to practice as

an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on September 23, 1981. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that respondent has been disbarred upon the conviction of a felony as defined in Judiciary Law § 90 (4) (e). In that regard, on July 5, 1990, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of making a false statement to a Government agent in violation of 18 USC § 1001, a felony under Federal law. He was subsequently sentenced to probation for three years and 750 hours of community service. A $10,000 fine and a $50 special assessment were also imposed. However, respondent's conviction arose out of oral misrepresentations made to an inspector of the United States Postal Service, and respondent has cross-moved to have this matter converted into a "serious crime" proceeding and for a hearing pursuant to Judiciary Law § 90 (4) (h). According to respondent, he was convicted of a Federal felony for which there is no analogous State provision.

In requesting automatic disbarment, petitioner asserts that "[t]his Court has held numerous times that an attorney convicted of a violation of 18 USC 1001 should be automatically disbarred." No analogous State section is mentioned except in the response by the Departmental Disciplinary Committee to respondent's cross motion where petitioner cites Penal Law § 175.10. Yet, section 175.10 of the Penal Law clearly requires that the business record being falsified be in writing since "business record" is defined in Penal Law § 175.00 (2) as "any writing or article, including computer data, or a computer program, kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity". There is simply no interpretation of the applicable law which would encompass an oral statement, no matter how misleading or untruthful that statement might have been. Consequently, respondent's conviction was not based upon conduct which, if committed within New York State, would have constituted a felony in New York as mandated by Judiciary Law § 90 (4) (e). Although his conduct cannot, thus, serve as a predicate for automatic disbarment *(see, Matter of Miller,* 180 AD2d 377;

*Matter of Adolf,* 180 AD2d 382), his crime, a Federal felony, is certainly a "serious crime" under Judiciary Law § 90 (4) (d).

Accordingly, petitioner's motion to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is denied, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f), and the matter is referred to petitioner for a hearing on the issue of the appropriate sanction.

MILONAS, J. P., WALLACH, KUPFERMAN, KASSAL and RUBIN, JJ., concur.

Application to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York denied, and respondent suspended, effective the date hereof, and until the further order of this Court; cross motion granted and the matter is referred to the Departmental Disciplinary Committee for a hearing on the issue of the appropriate sanction.