[613 NYS2d 396]

In the Matter of DANIEL J. COOPER (Admitted as DANIEL JAMES COOPER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 1994

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew M. Lawler, P. C.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Daniel J. Cooper was admitted to the practice of law in New York by this Department on May 19, 1980, under the name Daniel James Cooper.

This Court previously granted the petition of the Departmental Disciplinary Committee and suspended the respondent from the practice of law pursuant to an order entered July 16, 1992, finding the respondent guilty of a serious crime and referring the matter to the Committee for a hearing and recommendation regarding the appropriate sanction to be imposed *(Matter of Cooper,* 181 AD2d 298).

The Committee has concluded its hearing and recommends that the respondent be suspended for a period of one year retroactive to July 16, 1992, the date of his interim suspension, and that he be automatically reinstated forthwith.

Respondent has been convicted of a scheme to defraud in violation of 18 USC § 371 for submitting false and fraudulent billing statements for legal services and disbursements.

The Committee has determined that the inflation of billables was in large part due to the pressure put upon the respondent as a young lawyer by Harvey Myerson, a "father figure" to him at his law firm. Mr. Myerson has also been suspended pending a hearing on the issue of sanction *(Matter of Myerson,* 182 AD2d 242).

According to the Government, respondent cooperated in the investigation of Mr. Myerson.

We adopt the recommendation of the Departmental Disciplinary Committee, their report is confirmed, and respondent is suspended from the practice of law for one year retroactive to July 16, 1992. Since there is no contention that he has failed to comply with the order of suspension, respondent is reinstated to the practice of law without further proceedings inasmuch as it does not appear that any useful purpose would be served by compelling him to undergo a lengthy reinstatement proceeding.

MURPHY, P. J., SULLIVAN, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Motion and cross motion granted to the extent of adopting the recommendation of the Committee, confirming the report, and suspending respondent from the practice of law for a period of one year retroactive to July 16, 1992, and respondent is reinstated to the practice of law without further proceedings.