[630 NYS2d 42]

In the Matter of SAMUEL KONIGSBERG, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 20, 1995

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard E. Mischel* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New

York by the Second Judicial Department on September 23, 1981 and at all relevant times has maintained an office for the practice of law in the First Judicial Department.

On July 5, 1990, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of making a false statement to a Government agent, in violation of 18 USC § 1001, a felony under the United States Code. On January 31, 1992, respondent was sentenced to three years' probation and 750 hours' community service, plus a $10,000 fine and a $50 special assessment. Respondent has paid the fine, has done community service as a volunteer tutor and community service worker with the Fortune Society, and was released from probation on January 30, 1995, having successfully completed his probationary obligations.

Respondent's conviction was based on a knowingly false oral statement made to a United States postal inspector, pursuant to an investigation of insurance fraud by respondent's clients, in which respondent stated that he had prepared a stock purchase agreement prior to December 22, 1986, when in fact he had prepared the agreement subsequent to that date.

By petition dated April 2, 1992, the Departmental Disciplinary Committee moved for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent was automatically disbarred by reason of his conviction.

This Court denied the petition on the ground that respondent's false statement was oral rather than written and, therefore, his conviction was not based upon conduct which, under the law of New York, would constitute a felony. However, since the crime, a Federal felony, was a "serious crime" under Judiciary Law § 90 (4) (d), the Court suspended respondent from the practice of law and referred the matter to the Disciplinary Committee for a hearing on the appropriate sanction (Matter of Konigsberg, 183 AD2d 335).

Hearings were held by a Panel on five days, commencing with April 21, 1993 and ending on November 22, 1993. Respondent and witnesses testified, and numerous character letters were received by the Panel. The Hearing Panel also heard from the Assistant United States Attorney in direct charge of the Federal prosecution of respondent. The United States Attorney testified that, from the very beginning, respondent admitted that he knew he had prepared private placement memoranda with information that was fraudulent

and that he had back-dated a contract leading to a fraudulent insurance claim.

Ultimately, respondent and the two parties responsible for the fraudulent memoranda were indicted. While the other parties were charged with various mail and insurance frauds and other crimes, respondent was named in only two counts relating to the insurance claim. Respondent moved for a severance and negotiated a plea agreement. On July 5, 1990, he pleaded guilty to a one count superseding information charging him with lying to a postal inspector. In a letter to the Federal court, the United States Attorney stated that respondent's cooperation was "full and complete". It developed that respondent cooperated despite having received word from the United States Attorney that an attempt would be made to kill him.

Respondent has fully complied with this Court's interim suspension order, has accepted full responsibility for his conduct and has repeatedly expressed remorse for his actions. There is no history of disciplinary action being taken against him, nor have any complaints been filed charging him with unethical conduct. Judge Dearie, who presided over the five-week Federal trial, made the following observation when imposing sentence on respondent: "I think my assessment of the case, your relatively limited role in it was a crime I guess like most to some extent opportunity, certainly a crime of monumental stupidity * * * A relatively isolated event or series of events triggered by one of the most overwhelming tides of evil that I have ever seen in the court since I have been on the bench. The Greenbergs, an extraordinary pair and I can imagine as any attorney with a budding practice, I can imagine the circumstances that confronted you when met with David Greenberg's importuning about this contract. And it was the type of crime that once the initial act was committed you were also irreversibly committed to a series of acts exacerbating the significance of the crime. So I think it's a very difficult thing to do to impose a fair sentence."

At the conclusion of the hearing Staff Counsel recommended that respondent should be suspended from the practice of law for a period of three and one-half years retroactive to the date of the interim suspension (November 19, 1992) or the length of the term of respondent's probation, whichever is longer. However, the Hearing Panel issued its written report recommending that respondent should be suspended from the practice of law for a period of five years, retroactive to the date of his

interim suspension. The Panel concluded in pertinent part as follows:

"We are confronted, then, with a lawyer who has pled guilty to lying to federal law enforcement authorities. We learned during these hearings that this was but one step in years of wrongdoing culminating with the knowing submission of a perjurious affidavit to the federal court.

"We find four points to be made on respondent's behalf in mitigation of his wrongdoing. First, his relative youth—he had been admitted only some five years when the misconduct began. Second, he seems to have had scarcely any supervision from the partners of his law firm. Third, he had no previous disciplinary offenses. And, finally we are impressed by [Assistant United States Attorney] Hattem's statement that respondent gave 'full and complete' cooperation to the government after his plea, even though he had reason to believe that his life was at risk."

By motion dated August 8, 1994, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing whatever sanction this Court deems appropriate.

By cross motion dated April 17, 1995, respondent seeks an order confirming in part and disaffirming in part the Hearing Panel's findings of fact and conclusions of law and, consistent with Staff Counsel's recommendation during the hearing, suspending respondent from the practice of law for a period to be determined by this Court.

As in all "serious crime" cases, the only issue for the Court to decide is the appropriate sanction to impose upon respondent based upon the offense committed and any mitigating or aggravating circumstances.

Respondent stands convicted of one count of knowingly making a false oral statement to a Government agent, in violation of 18 USC § 1001, a Federal felony. The statement was made during an investigation of possible insurance fraud by respondent's clients, in which respondent stated that he had prepared a stock purchase agreement prior to December 22, 1986, when in fact he had prepared the agreement subsequent to that date.

While an attorney convicted of violating 18 USC § 1001 by making a false *written* statement could be subject to disbarment (*see, Matter of Marilao*, 188 AD2d 146), respondent's statement was neither sworn nor written. Although this does

not detract from the seriousness of the misconduct, a false unsworn oral statement is less egregious than a false sworn written statement, thus warranting a less severe sanction.

Respondent's pattern of dishonest conduct culminating in his plea of guilty to violating 18 USC § 1001 justifies the imposition of the sanction of suspension. However, we must make note of respondent's full and complete cooperation, even in the face of death threats. Respondent was also admitted to the practice of law in the State of New Jersey, where he now resides. On May 25, 1993, by order of the Supreme Court of New Jersey, respondent was suspended from the practice of law retroactive to August 1990, as a result of his Federal felony conviction. He has been reinstated in the State of New Jersey by order of the New Jersey Supreme Court.

Under the circumstances, the Committee's motion to confirm the Hearing Panel's findings of fact and conclusions of law is confirmed in part and disaffirmed as to the recommended sanction. The cross motion is granted to the extent of disaffirming the Hearing Panel's recommendation as to sanction. Taking into consideration the charge to which respondent pleaded guilty, the complete cooperation of respondent in the Government investigation and his unblemished record, a less severe sanction is appropriate.

Accordingly, respondent is suspended from the practice of law in the State of New York for a period of three years, retroactive to November 19, 1992.

WALLACH, J. P., RUBIN, KUPFERMAN, ROSS and ASCH, JJ., concur.

Petitioner's motion granted only to the extent of confirming the findings of fact and conclusions of law, and disaffirming as to the recommended sanction; respondent's cross motion is granted to the extent of disaffirming the Hearing Panel's recommendation as to sanction, and respondent is suspended for a period of three years, retroactive to his interim order of suspension entered on November 19, 1992, and until the further order of this Court, as indicated.