[638 NYS2d 444]

In the Matter of MARK E. SEGALL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 22, 1996

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gerard E. Lynch, Sara E. Moss* and *Steven R. Peikin* of counsel *(Howard, Darby & Levin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law at the Second Judicial Department in 1979, and has maintained an office for such practice within the First Department at all pertinent times since then. In 1985 he became affiliated with the firm of

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, where he worked under the supervision of attorney Harvey Myerson, who headed the litigation department. After the firm collapsed in 1987 and filed for bankruptcy, respondent satisfied all his personal financial obligations and followed his mentor to a new firm, Myerson & Kuhn. There he devoted most of his energies to litigation on behalf of a major client, Shearson Lehman Hutton. As with his role at Finley Kumble, respondent did not serve in a management position at Myerson & Kuhn.

In April 1988, Myerson confided to respondent that Shearson had agreed to pay the firm a flat fee of up to $800,000 per month to handle its litigation. Under Myerson's direction and assurance of propriety, respondent was to prepare monthly statements for Shearson, reflecting charges of at least $800,000, even when the actual monthly fees were considerably less. During the period from April 1988 through January 1989, respondent prepared statements reflecting about $1.2 million worth of excess time, a major portion of the $2 million Shearson was defrauded under this overbilling scheme. Ultimately, the firm stopped paying its attorneys, and Myerson even stole money from respondent. This firm also went under, and again respondent paid all his debts. His full cooperation with government investigators, including testimony in court, led to successful prosecution of Myerson (*see*, 182 AD2d 242; 206 AD2d 299) and others. This publicity further sullied his reputation and made it difficult for him to find work.

There are substantial mitigating factors in this case, including respondent's lack of knowledge of the over-all scheme and his subordinate level of participation therein, his immediate acknowledgement of wrongdoing and sincere expression of remorse, his complete and fruitful cooperation with authorities, the significant consequences he has suffered as a result of this activity, and his otherwise clean record and good moral character. In light of these, the Hearing Panel recommended a public censure.

Respondent is guilty of engaging in misconduct involving dishonesty, fraud, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [A] [4]; 22 NYCRR 1200.3 [a] [4]), which adversely reflects on his fitness to practice law (DR 1-102 [A] [8]; 22 NYCRR 1200.3 [a] [8]). Two other attorneys at the firm who also fell under the influence of the notorious Mr. Myerson received one-year suspensions from the practice of law (*Matter of Ruegger*, 207 AD2d 166; *Matter of Cooper*, 200

AD2d 221), despite similar mitigating factors. However, those colleagues each pleaded guilty to the serious (Federal) crime of scheming to defraud a client by submitting false billing statements, whereas respondent was able to avoid criminal conviction by cooperating with authorities from the outset of their investigation.

Respondent, who had initially sought a lesser sanction, is satisfied with the recommended discipline; petitioner defers to this Court's discretion in imposing sanction. Under the circumstances, we determine that a public censure is appropriate. Accordingly, the motion and cross motion to confirm the Hearing Panel's report and recommendation are granted, and respondent is publicly censured for his misconduct.

MILONAS, J. P., ROSENBERGER, WALLACH, TOM and MAZZARELLI, JJ., concur.

Motion and cross motion granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent publicly censured.