[679 NYS2d 136]

In the Matter of HARVEY D. MYERSON (Admitted as HARVEY DANIEL MYERSON), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 1998

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Harvey D. Myerson was admitted to the practice of law in the State of New York by the First Judicial Department as Harvey Daniel Myerson on December 22, 1964. On September 22, 1992, this Court suspended respondent from the practice of law based on his conviction, on April 29, 1992, in the United States District Court for the Eastern District of New York, of three counts of mail fraud, in violation of 18 USC § 1341 and two counts of travel fraud, in violation of 18 USC § 2314,[1] both of which are felonies under the United States Code, and referred the matter to petitioner Departmental Disciplinary Committee for a hearing as to the appropriate sanction (182 AD2d 242).

That hearing having been held, petitioner now seeks an order confirming its Panel's findings of fact and conclusions of law and imposing the recommended penalty of disbarment.

In support, petitioner has demonstrated that, as to the crimes for which respondent was suspended, respondent was convicted of defrauding three clients, the largest being Shearson Lehman Hutton, Inc., out of millions of dollars by inflating attorney hours and billing the cost of personal expenses.

Petitioner has also demonstrated that, subsequent to his conviction for the above-described offenses, respondent was convicted, after a second trial, of three counts of conspiracy to defraud the United States, in violation of 18 USC § 371, making a false statement on a tax return, in violation of 26 USC § 7206 (1), and assisting in filing a false tax return, in violation of 26 USC § 7206 (2). As to these convictions, petitioner has demonstrated that respondent was engaged in a scheme that involved his participation in the filing of false tax returns and his failure to report substantial income on his own tax returns.

Both of respondent's convictions were upheld on appeal in an opinion detailing the precise nature of respondent's crimes (*United States v Myerson*, 18 F3d 153).

We find that the Hearing Panel's findings of fact and conclusions of law should be confirmed. As to the appropriate sanction, it is clear that the deliberate and false billing of personal expenses to clients is, in and of itself, egregious conduct warranting severe penalty (*Matter of Kroll*, 212 AD2d 220; *Matter of Gieger*, 170 AD2d 134). Moreover, in this matter, respon-

---

1. The travel fraud counts were subsequently dismissed.

dent's outrageous overbilling and fraudulent expense practices were compounded by a tax conviction involving a very substantial amount of money over an extended period of time (*see, Matter of Chervin*, 181 AD2d 111). Furthermore, with respect to the overbilling, respondent was guilty of particularly reprehensible conduct in that he solicited the help and involvement of four junior partners. His argument that his penalty should be mitigated because of the lesser penalties received by these four is particularly distasteful, in light of the fact that respondent used his position of authority to involve them in schemes that were clearly authored by him and of the additional fact that they displayed both remorse and a willingness to cooperate that has been sadly lacking on respondent's part.[2] Indeed, respondent, who had displayed at least one episode of very selective remorse for his behavior during the prior proceedings, displayed none at all at the instant hearing.

Under these circumstances, we find that the appropriate sanction is disbarment.

Accordingly, the motion should be granted, the findings of fact and conclusions of law confirmed and respondent should be disbarred as of September 22, 1992.

ROSENBERGER, J. P., ELLERIN, NARDELLI, WALLACH and RUBIN, JJ., concur.

Motion to confirm the findings of fact, conclusions of law and recommended sanction of the Hearing Panel granted, and respondent is disbarred as an attorney and counselor-at-law in the State of New York, effective as of September 22, 1992.

---

2. We note, however, that there is no proof that respondent actually stole from his cohorts, as was previously reported (*see, Matter of Segall*, 218 AD2d 331).