Matter of Leighton (2018 NY Slip Op 00089)





Matter of Leighton


2018 NY Slip Op 00089


Decided on January 4, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern
Peter H. Moulton, Justices.


&em;

[*1]In the Matter of Jeffrey A. Leighton, (admitted as Jeffrey Alan Leighton), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey A. Leighton, (OCA Atty. Reg. No. 1854124) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jeffrey A. Leighton, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 4, 1983.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Frankfurt Kurnit Klein & Selz, PC, (Richard M. Maltz, of counsel) for respondent.



PER CURIAM.


Respondent Jeffrey A. Leighton was admitted to the practice of law in the State of New York by the Second Judicial Department on May 4, 1983. Under the name Jeffrey Alan Leighton, at all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters [22 NYCRR § 1240.8(a)(5)], directing respondent's public censure for false entries made in his law firm's internal billing records (Rules of Professional Conduct [22 NYCRR § 1200.0] rules 8.4[c], [h]). Specifically, the Committee and the respondent stipulated that between March 2012 and September 2013, respondent engaged in a pattern of making false entries into the firm's internal billing records. Respondent fabricated and falsely entered 94.8 hours in total. The clients were not aware of the false entries and were never billed for the fabricated hours because respondent removed the false entries before the bills were sent to clients.
The Committee and respondent agree on the stipulated facts and on the discipline. The Committee found no precedent for any
public censure for falsifying time records where clients were not harmed. Disciplinary cases involving false or over-billing that have resulted in public discipline involved more egregious conduct in which the clients were directly impacted by the misconduct (Matter of Stone , 230 AD2d 481 [1st Dept 1997][one-year suspension]; Matter of Segall , 218 AD2d 331 [1st Dept 1996]). However, notwithstanding this lack of precedent, the Committee and respondent agree that public censure is appropriate because he engaged in this conduct for a period of over two years, he is a senior attorney with extensive experience, and although he did not intend to financially benefit or over-bill his clients, he intended to and did "deceive his colleagues and his firm about how busy he was." In mitigation, respondent has never before been the subject of a disciplinary investigation in this Judicial Department in his 34 years of practice, he fully cooperated with the Committee, expressed genuine remorse and embarrassment, and he lost his partnership at his firm.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [January 4, 2017]
Friedman, J.P., Kahn, Gesmer, Kern, Moulton, JJ.
Joint motion for discipline by consent is granted and respondent censured. The Committee's petition of charges is denied as moot. Opinion Per Curiam. All concur.