In the Matter of ALAN H. BALLINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 6, 1989

## APPEARANCES OF COUNSEL

*Hiram Lopez* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jeremy Gutman* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Alan H. Ballinger was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, First Judicial Department, on February 14, 1972. On June 4, 1987, he was convicted, upon his plea of guilty, of the crimes of willfully and knowingly making a materially false statement and report in connection with a loan application to a Federal intermediate credit bank in violation of 18 USC § 1014 and of wire fraud in violation of 18 USC § 1343. Although respondent has not yet been sentenced, the date of conviction in both State and Federal cases, rather than the imposition and entry of sentence, is controlling wherein automatic disbarment is required under section 90 (4) (a) of the Judiciary Law (Matter of David, 145 AD2d 150; Matter of Cohen, 107 AD2d 189; Matter of Swirsky, 103 AD2d 195), and there is no basis for applying a different definition of "conviction" with respect to "serious crime" petitions.

Petitioner Departmental Disciplinary Committee now moves for an order determining that the offenses of which respondent was convicted are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and directing him to show cause why a final order of censure, suspension or removal from office should not occur. Specifically, respondent, seeking to obtain a loan from the North Florida Production Credit Association, submitted an income tax return falsely purporting to be his own which listed an adjusted gross income in excess of $150,000 when, in fact, his own true form indicated a minus adjusted gross income, and he also presented certain fraudulent documents to Chrysler Credit Corporation in order to procure a loan for a limited partnership of which respondent was one of two general partners. In the latter regard, respondent stole a notary stamp and forged the notary's signature on pertinent documents which Chrysler relied upon in transferring $2.8 million by wire from its Chase Manhattan Bank account in New York to the partnership account in Florida. It is, therefore, clear that respondent committed acts constituting "serious crimes" under Judiciary Law § 90 (4) (d), which expressly include "interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."

Consequently, the application of the Departmental Discipli-

nary Committee is granted, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) pending the imposition of a final sanction, and respondent is directed in accordance with Judiciary Law § 90 (4) (g) to show cause why a final order of suspension, censure or removal from office should not be made, and if so advised, respondent may request of the Departmental Disciplinary Committee for the First Judicial Department a hearing before that Committee.

CARRO, J. P., MILONAS, WALLACH, SMITH and RUBIN, JJ., concur.

Respondent is ordered to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court, and if so advised, respondent may request of the Departmental Disciplinary Committee for the First Judicial Department a hearing before that Committee.