In the Matter of MORTON GREENBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 1993

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Morton Greenberg, was admitted to the prac-

tice of law in New York by the First Judicial Department on June 29, 1948. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On October 5, 1990, respondent pleaded guilty in the United States District Court for the District of New Jersey to one count of conspiring to commit mail fraud in violation of 18 USC § 1341, which is a felony under the United States Code. CPL 1.20 (13) defines a conviction as occurring at the time of a guilty plea *(see, Matter of David,* 145 AD2d 150).

Respondent's conviction arose out of events which took place from 1986 through 1988, when he and others engaged in a stock manipulation scheme. Respondent was assistant to the president, a member of the board of directors and a shareholder of F.O. Roberts, a stock brokerage firm. As a result of the fraudulent activities of respondent and others, F.O. Roberts realized gross trading profits at the expense of the investing public in the approximate amount of $6.2 million in 1986, $27 million in 1987 and $34.5 million in 1988.

By petition dated April 16, 1992, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorney's pursuant to Judiciary Law § 90 (4) (b) on the ground that respondent's Federal felony conviction of mail fraud was predicated on acts which are felonious under New York law and thus constitute a proper basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a).

By cross motion dated June 9, 1992, respondent seeks an order determining that respondent's Federal conviction for mail fraud is a "serious crime" and directing that the matter be referred for a hearing pursuant to Judiciary Law § 90 (4) (h).

Respondent was convicted, *inter alia,* of mail fraud in violation of 18 USC § 1341, a Federal felony. 18 USC § 1341 provides as follows: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security or other article or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized

depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Mail fraud has no corresponding New York felony (see, *Matter of Teplin,* 82 AD2d 296 [1st Dept 1981]) and is not easily compared to offenses contained in the Penal Law. The conduct admitted to by respondent, during the course of his plea, does not clearly satisfy all of the elements of the New York felonies relied upon by the Committee.

Penal Law § 190.65 (1) (b) provides: "A person is guilty of a scheme to defraud in the first degree when he * * * (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons." To be guilty of a violation of Penal Law § 190.65 (1) (b) a taking of property as a result of the scheme is required.

During his plea allocution, respondent admitted that he concealed his interest in nominee accounts and that brokers then concealed such information from investors while simultaneously recommending that investors purchase the same stocks at inflated prices. However, respondent denied personally soliciting such purchases.

Penal Law § 175.10 provides: "A person is guilty of falsifying business records in the first degree when he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof." Respondent admitted that as part of maintaining an interest in several nominee accounts, he prepared or caused to be prepared false books and records such as account opening forms and account statements. Such books and records failed to disclose his beneficial interest in the accounts.

Falsifying business records in the first degree requires making or causing a false entry in the business records of an enterprise with the intent to commit another crime. While it

can be implied that respondent failed to disclose his interest in the accounts with the intent to aid in the commission of a stock manipulation scheme, to reach such result the Court would be required to make inferences from a few statements made during the plea allocution. Since there is no felony analogue under the New York Penal Law for mail fraud, such offense cannot serve as a basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (e).

Accordingly, since the crimes of which respondent has been convicted are Federal felonies and thus "serious crimes" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), respondent is directed, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be entered, and, pending the entry of such order, respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f).

SULLIVAN, J. P., MILONAS, ROSENBERGER, KASSAL and RUBIN, JJ., concur.

Respondent is directed to show cause, before the Departmental Disciplinary Committee, why a final order of censure, suspension, or disbarment should not be entered and, pending the entry of such order, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (f), effective immediately.