[598 NYS2d 952]

In the Matter of MICHAEL M. MALONEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 8, 1993

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Michael M. Maloney, was admitted to the

practice of law in New York by the Appellate Division, Second Judicial Department, on October 23, 1974. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee is seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been automatically disbarred as a result of his conviction in the United States District Court for the Southern District of New York of one count of conspiracy, in violation of 18 USC § 371 and one count of bank fraud in violation of 18 USC § 1344. Respondent's conviction arose from his having submitted, on behalf of his wife, a loan application containing false statements to the Williamsburgh Savings Bank and thereby having obtained, in his wife's name, $335,000 in order to purchase a home, and in his having applied, on behalf of the wife of a client, a convicted drug dealer, to Edison Federal Savings & Loan Association for a mortgage loan by using a fictitious name.

A conviction of a felony under Federal law does not trigger automatic disbarment unless the offense is "essentially similar" to an offense which constitutes a felony under the New York Penal Law (Matter of Margiotta, 60 NY2d 147, 149). Petitioner argues, and we agree, that the Federal offense of bank fraud of which respondent stands convicted is "essentially similar" to a violation of Penal Law § 155.40, grand larceny in the second degree, which involves the theft of property with a value exceeding $50,000, and to Penal Law § 190.65, scheme to defraud in the first degree (Matter of Fury, 145 AD2d 259). As both of these statutes define felonies under New York law, automatic disbarment is here required.

For these reasons, the Committee's petition is granted and respondent's name is stricken from the roll of attorneys.

CARRO, J. P., ELLERIN, WALLACH, KASSAL and RUBIN, JJ., concur.

Petition granted and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective June 8, 1993.