[608 NYS2d 629]

In the Matter of ARTHUR B. COOPER (Admitted as ARTHUR BRYAN COOPER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 8, 1994

APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Arthur B. Cooper,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Arthur B. Cooper, was admitted to the practice of law in New York by the First Judicial Department on February 25, 1980 under the name Arthur Bryan Cooper.

On or about July 28, 1991 respondent pleaded guilty in the United States District Court for the District of New Jersey to one count of conspiracy to defraud the United States and the Internal Revenue Service, in violation of 18 USC § 371; one count of income tax evasion, in violation of 26 USC § 7201; and one count of bank fraud, in violation of 18 USC § 1344.

On or about January 28, 1993 respondent was sentenced to four months' incarceration on the first two counts, to be served concurrently; four months' incarceration on the third count, to run consecutively with the sentence imposed on the first two; and probation for three years after release from prison. Respondent was also assessed penalties totaling $150 and a fine on the first two counts, totaling $20,000.

Petitioner, the Departmental Disciplinary Committee, has presented a certified copy of the judgment of conviction and seeks an order pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys authorized to practice law in this State, upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within New York.

Respondent's conviction of bank fraud, in violation of 18 USC § 1344 is a proper predicate for automatic disbarment because that offense is "essentially similar" to New York Penal Law § 155.40, grand larceny in the second degree (a class C felony) and New York Penal Law § 190.65, scheme to defraud in the first degree (a class E felony).

Both the Federal statute and the New York statutes concern schemes to obtain money by means of false or fraudulent pretenses, representations, or promises. While the Federal statute specifically, involves a scheme to obtain money from a financial institution and the New York statutes are not so

narrowly limited, it can nevertheless be concluded that the statutes encompass the same misconduct and are "essentially similar" for purposes of automatic disbarment. *(See, Matter of Maloney,* 190 AD2d 191.)

Since the crime respondent has been convicted of would constitute a felony if committed in New York, the Committee's petition is granted, and respondent's name is stricken from the roll of attorneys on the ground that he has been automatically disbarred upon the conviction of a felony as defined by Judiciary Law § 90 (4) (e).

ELLERIN, J. P., KUPFERMAN, ROSS, ASCH and NARDELLI, JJ., concur.

Petition granted, and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective March 8, 1994.