[625 NYS2d 490]

In the Matter of RICHARD K. KIM (Admitted as RICHARD KWANG-HO KIM), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1995

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Barry A. Bohrer* of counsel *(Morvillo, Abramowitz, Grand, Iason & Silberberg, P. C.,* attorneys), for respondent.

Per Curiam.

Respondent Richard K. Kim was admitted to practice law in the State of New York by the First Judicial Department on May 7, 1984 under the name Richard Kwang-Ho Kim and, at all relevant times, maintained an office for the practice of law within the First Judicial Department.

On or about December 9, 1992, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit bank fraud, in violation of 18 USC § 371, which is a felony pursuant to the United States Code. On or about December 13, 1994, respondent was sentenced by Judge Charles S. Haight, Jr. to probation for a period of four years.

By petition dated September 30, 1994, the Departmental Disciplinary Committee for the First Judicial Department (the Committee) sought an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within New York. In the alternative, the Committee argues that the conviction is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) and, in view of the seriousness of the offense, this Court should suspend respondent from the practice of law and refer the matter to the Committee for a report and a recommendation as to sanction.

Respondent, by cross motion dated December 5, 1994, seeks an order determining that the crime of which he has been convicted is a "serious crime", suspending respondent from the practice of law, and referring the matter for a hearing to determine the proper sanction. Respondent contends that conspiracy to commit bank fraud in violation of 18 USC § 371 is not "essentially similar" to conspiring to commit grand larceny in the second degree in violation of Penal Law § 105.10. Respondent claims that the New York State conspiracy statute requires the People to prove that the defendant conspired to commit a crime of a particular class of severity whereas, in contrast, the Federal conspiracy statute applies to a conspiracy to commit "any offense". Respondent concludes that since the New York State conspiracy statutes are specifically keyed to particular classes of substantive offenses, then 18 USC § 371 is not "essentially similar" to any New York

State offense. Lastly, respondent asserts that although the facts underlying his offense should not be considered by us, they further illustrate the impropriety of any analogy to conspiracy to commit grand larceny in the second degree.

Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

New York Judiciary Law § 90 (4) (e) states: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

Thus, a conviction of a Federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law. The Federal felony, however, need not be a "mirror image" of the New York felony in that it need not correspond precisely in every detail, but it must be essentially similar (*Matter of Margiotta,* 60 NY2d 147, 150; *Matter of Cahn,* 52 NY2d 479, 482).

In the matter before us, the judgment of conviction indicates that respondent was convicted of conspiracy to commit bank fraud (18 USC § 371), a Federal felony. 18 USC § 371 provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

The underlying offense which respondent conspired to commit was felony bank fraud (18 USC § 1344) which is defined as:

"Whoever knowingly executes, or attempts to execute, a scheme or artifice—

"(1) to defraud a financial institution; or

"(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

"shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

We have previously held that bank fraud is essentially similar to grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65; *see, Matter of Cooper,* 196 AD2d 137; *Matter of Maloney,* 190 AD2d 191).

Respondent asserts, however, that he was not convicted of the substantive offense of bank fraud but, rather, was convicted of conspiracy which is not essentially similar to any New York felony and, thus, cannot serve as a predicate for automatic disbarment. We disagree.

Respondent's conviction of conspiring to commit bank fraud is tantamount to conspiring to commit grand larceny in the second degree which, under New York law, is conspiracy in the fourth degree (Penal Law § 105.10 [1]), an "E" felony. While respondent correctly points out that we cannot look beyond the language of the Federal statute to the underlying factual allegations of the indictment in order to ascertain whether those allegations are capable of establishing a violation of New York law *(Matter of Miller,* 180 AD2d 377, 378; *Matter of Adolf,* 180 AD2d 382, 383), we have also made a distinction between factual allegations contained in the indictment and admissions made under oath in the allocution during the guilty plea, the latter of which we have considered when determining whether the offense constituted an appropriate predicate for disbarment *(Matter of Greenberg,* 187 AD2d 12; *Matter of Catalfo,* 181 AD2d 213).

In the case at bar, respondent, during the plea allocution, admitted, *inter alia,* that he personally borrowed $200,000 from the bank under false pretenses by using a false nominee on a loan application. Because the amount exceeded $50,000, it constitutes grand larceny in the second degree and, therefore, respondent's conviction for conspiring to commit this offense is "essentially similar" to conspiring to commit grand larceny in the second degree which, under New York law, is conspiracy in the fourth degree, an "E" felony.

Notwithstanding the foregoing, respondent also admitted at the allocution to three schemes, each of which involved fraud-

ulent loans in excess of $1,000 accomplished by false pretenses. The elements of scheme to defraud in the first degree, an "E" felony (Penal Law § 190.65), are that the fraudulent scheme defrauded one or more persons, by false pretenses, of property in excess of $1,000. We, therefore, now conclude that respondent's conviction is "essentially similar" to scheme to defraud in the first degree (*Matter of Cooper, supra,* at 138-139; *Matter of Maloney, supra,* at 192).

Accordingly, the Committee's petition is granted and respondent's name is stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony under New York law. Respondent's cross motion is denied in its entirety.

ROSENBERGER, J. P., ELLERIN, ROSS, WILLIAMS and TOM, JJ., concur.

Petition granted to the extent it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and respondent's name directed to be stricken, effective April 11, 1995; and respondent's cross motion for a "serious crime" determination and other relief is denied in all respects.