[630 NYS2d 490]

In the Matter of BARRY E. GOLDROD (Admitted as BARRY EVAN GOLDROD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 20, 1995

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Barry E. Goldrod, was admitted to the practice of law in the State of New York by the Second Judicial

Department on March 5, 1975 under the name Barry Evan Goldrod. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department. On or about March 9, 1995, respondent pleaded guilty in the Supreme Court of the State of New York, County of New York, to bribery in the third degree, in violation of Penal Law § 200.00, which is a felony under the laws of the State of New York. Respondent has not been sentenced.

Respondent's conviction was the result of his offer of money to Arthur R. Scott, Jr., a Judge in Manhattan Landlord Tenant Court, in order to influence Scott's decision.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Respondent, who was served with a copy of the Committee's petition, has not responded.

New York Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Judiciary Law § 90 (4) (e) provides in pertinent part as follows: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state".

Respondent stands convicted of bribery in the third degree, in violation of Penal Law § 200.00, which is a class D felony according to the New York Penal Law. Thus, pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney by operation of law upon his conviction of a criminal offense which is classified as a felony under the laws of this State.

The fact that respondent has not been sentenced is no reason to delay entry of the order striking his name from the roll of attorneys since for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see, Matter of Kourland, 172 AD2d 77; Matter of David, 145 AD2d 150; Matter of Ballinger, 148 AD2d 152).

Accordingly, the Disciplinary Committee's application is granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., ROSENBERGER, ROSS, ASCH and TOM, JJ., concur.

The Disciplinary Committee's application is granted and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 20, 1995.