[629 NYS2d 439]

In the Matter of MORTON GREENBERG, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 1995

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Morton Greenberg, was admitted to the prac-

tice of law in the State of New York by the First Judicial Department on June 29, 1948.

On October 5, 1990, respondent was convicted upon a plea of guilty in the United States District Court for the District of New Jersey of conspiring to commit mail fraud and mail fraud, in violation of 18 USC §§ 371 and 1341, respectively, which are felonies under the United States Code. On October 1, 1992, respondent was sentenced to five years' probation, ordered to comply fully with a restitution agreement with the New Jersey Bureau of Securities during the term of probation and directed to pay a special assessment of $100.

By petition dated April 21, 1992, the Departmental Disciplinary Committee moved for an order striking respondent's name from the roll of attorneys based upon his conviction of crimes which under New York State law would be felonies.

Respondent cross-moved for an order determining that the crimes of which he was convicted are "serious crimes" and referring this matter to the Committee for a hearing.

By order entered January 28, 1993, this Court denied the Committee's petition, determined that the crimes of which respondent was convicted are "serious crimes", suspended respondent from the practice of law, and referred this matter to the Committee for a hearing (187 AD2d 12).

A hearing was held before a Hearing Panel on July 15, 1993. In mitigation, respondent pointed out that he has not been involved in any prior disciplinary proceedings in over 45 years of practice. Respondent acknowledged his misdeeds and expressed sincere regret. Respondent and his family have a long history of medical problems which have depleted his savings and have left him nearly destitute. Respondent's wife works and he receives social security. Respondent has also been involved for many years doing volunteer work at Sloan Kettering Memorial Hospital, visiting seriously ill cancer patients.

At the conclusion of the hearing, Staff Counsel recommended that respondent be suspended from the practice of law for a period of three years, retroactive to the date of the Court-ordered interim suspension or for a period coextensive with the term of criminal probation, whichever is longer.

On July 26, 1994, the Hearing Panel issued its written report recommending that respondent be suspended from the practice of law for a period coextensive with his probation, i.e., respondent should continue to be suspended from the practice

of law until October 1, 1997. The Panel further recommended that, in the unlikely event respondent applies for reinstatement (respondent is 70 years old) after his suspension, respondent be required to pass the Bar exam as evidence that he is capable of resuming the practice of law.

By motion dated August 19, 1994, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of suspension from the practice of law for a period coextensive with the term of probation, or until October 1, 1997.

Although served with a copy of the Committee's motion by mail on August 19, 1994 and subsequently requesting and being granted a lengthy adjournment, respondent has not interposed a response to this motion.

In view of the fact that this is a "serious crime" proceeding, the only issue to be decided is the appropriate sanction to impose upon respondent based upon the offense committed and any mitigating or aggravating circumstances.

Respondent has admitted his wrongdoing, expressed remorse and has an otherwise unblemished disciplinary record in over 45 years of practice. He was apparently a minor player in a larger stock fraud scheme perpetuated by the brokerage firm he was employed by in the 1980's.

Unlike *Matter of Gottesman* (139 AD2d 229), *Matter of Sparer* (131 AD2d 36) and *Matter of Moskowitz* (130 AD2d 346), where this Court imposed the sanction of disbarment upon a conviction for mail fraud in violation of 18 USC § 1341, respondent has acknowledged responsibility for his wrongdoing and has recognized the seriousness of his misconduct. He further has no prior disciplinary record and has appeared in the disciplinary proceeding.

In view of the mitigating factors present in this case, the recommended sanction is in accordance with the policy of this Court that respondent be suspended from the practice of law for a period coextensive with the term of the criminal probation, or until October 1, 1997.

Accordingly, this Court grants the Committee's motion, and respondent is suspended from the practice of law for a period coextensive with the term of his criminal probation or until October 1, 1997. The Committee's motion requesting that respondent be required to pass the Bar exam as a condition for reinstatement is denied. Upon a motion for reinstatement, respondent's fitness to practice law will be evaluated.

SULLIVAN, J. P., ROSENBERGER, WALLACH, RUBIN and KUPFERMAN, JJ., concur.

Motion to confirm granted, request that respondent be required to pass the Bar exam upon application for reinstatement denied, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period coextensive with the term of his criminal probation or until October 1, 1997, and until the further order of this Court, all as indicated.