[632 NYS2d 91]

In the Matter of ROBERT HIRSCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1995

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Robert Hirsch, was admitted to the practice of law in the State of New York in the First Judicial Department on July 7, 1981.

On November 19, 1994, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiring to commit bank fraud, in violation of 18 USC § 371; one count of wire fraud, in violation of 18 USC §§ 1343 and 2; one count of submitting false statements, in violation of 18 USC § 1001; and one count of bank fraud, in violation of 18 USC § 1344. Respondent's conviction arose from events which took place beginning in October 1993 when he joined a conspiracy to launder millions of dollars in cash which were the proceeds of narcotics trafficking. Respondent has not yet been sentenced.

By petition dated April 26, 1995, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within New York.

A conviction of a Federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law. For such a determination, the Federal felony need not be a "mirror image" of the New York felony, precisely corresponding in every detail, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).

Respondent stands convicted of, inter alia, bank fraud, in violation of 18 USC § 1344, a Federal felony. This Court has recently held that bank fraud is "essentially similar" to both grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65), both New York State felonies (see, Matter of Cooper, 196 AD2d 137; Matter of Maloney, 190 AD2d 191). In addition, respondent was convicted of making a false statement to a government agency, in violation of 18 USC § 1001, a Federal felony, as a result of his filing a false claim of ownership with the Drug Enforcement Administration on behalf of one Mr. Spence. This Court has held that making a false written

statement to a government agency in violation of 18 USC § 1001 is analogous to offering a false instrument for filing in the first degree (Penal Law § 175.35) which is a New York felony *(see, Matter of Marilao,* 188 AD2d 146; *Matter of Sprecher,* 181 AD2d 347).

Therefore, it is clear that the Federal felonies of which respondent has been convicted would constitute felonies if committed in New York. The fact that respondent has not been sentenced is no reason to delay entry of the order striking his name from the roll of attorneys since it has been held that for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict *(see, Matter of Kourland,* 172 AD2d 77; *Matter of David,* 145 AD2d 150; *Matter of Ballinger,* 148 AD2d 152).

Accordingly, the Committee's petition is granted and respondent's name is hereby stricken from the roll of attorneys on the ground that he has been automatically disbarred upon the conviction of a felony as defined by Judiciary Law § 90 (4) (e).

MURPHY, P. J., SULLIVAN, KUPFERMAN, ROSS and MAZZARELLI, JJ., concur.

Respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective October 10, 1995.