[649 NYS2d 441]

In the Matter of ANDREW I. FOGLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 1996

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Andrew I. Fogler, was admitted to the practice

of law in the State of New York by the Second Judicial Department on March 1, 1978 and at all times relevant to the matters herein, he maintained an office for the practice of law within the First Department.

On January 17, 1996, after a trial in United States District Court, District of Connecticut, respondent was found guilty of conspiring to commit bank fraud in violation of 18 USC § 371, bank fraud in violation of 18 USC § 1344 and making false statements in violation of 18 USC § 1014 and was sentenced to 5 years' probation and restitution of $250,000. By notice of petition dated September 11, 1996, the Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys upon the ground that the respondent has been automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The Committee maintains that the respondent's conviction of the Federal felony of bank fraud (18 USC § 1344) is essentially similar to the New York felonies of grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65) thereby requiring petitioner's automatic disbarment pursuant to Judiciary Law § 90 (4) (see, Matter of Hirsch, 214 AD2d 271; Matter of Cooper, 196 AD2d 137).

There has been no response by respondent to the petition. Moreover, we conclude that respondent's conviction of the Federal felony of bank fraud in violation of 18 USC § 1344 is a proper predicate for automatic disbarment as it is essentially similar to the New York felonies of grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65; Matter of Cooper, supra).

Accordingly, the petition is granted and the respondent's name is stricken from the roll of attorneys.

ROSENBERGER, J. P., ELLERIN, ROSS, NARDELLI and MAZZARELLI, JJ., concur.

Application granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective November 12, 1996.