[656 NYS2d 605]

In the Matter of HENRY S. LANDAN (Admitted as HENRY SIN-
CLAIR LANDAN), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, May 1, 1997

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney),
for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Henry S. Landan,* was admitted to the practice of law in New York by the First Judicial Department on July 8, 1971, as Henry Sinclair Landan. Although respondent has not maintained an office in New York State, his admission in the First Judicial Department is a proper basis for this application to strike respondent's name from the roll of attorneys.

In 1995, respondent was indicted in the United States District Court for the Southern District of Texas on 48 charges stemming from his participation in a scheme to defraud the First City National Bank of Houston and, by laundering the funds so obtained, to divert such funds to himself and several others. Specifically, he was charged with: conspiracy in violation of 18 USC § 371 (2 counts); bank fraud in violation of 18 USC § 1344; wire fraud in violation of 18 USC § 1343 (10 counts); bank fraud in violation of 18 USC § 656 (10 counts); making false entries in bank records in violation of 18 USC § 1005 (6 counts); receipt of stolen money in violation of 18 USC § 2315 (3 counts); money laundering in violation of 18 USC § 1956 (a) (1) (B) (i) (6 counts); money laundering in violation of 18 USC § 1956 (a) (2) (B) (i) (9 counts); and obstruction of justice in violation of 18 USC § 1503.

On May 29, 1996, respondent was found guilty, after trial, of 30 of the charges. He was acquitted of 1 count of wire fraud in violation of 18 USC § 1343, the 6 counts of making false entries in bank records in violation of 18 USC § 1005, the 9 counts of money laundering in violation of 18 USC § 1956 (a) (2) (B) (i), 1 count of conspiracy to obstruct justice in violation of 18 USC § 371, and obstruction of justice in violation of 18 USC § 1503.

On or about August 30, 1996, respondent was sentenced to the following: concurrent terms of 78 months on each of 19 of the charges; concurrent terms of 60 months on each of the remaining charges, to run concurrently to the 78-month sentence. In addition, respondent is subject to 3 years of

---

* Respondent was represented by Thomas P. McNulty, Esq., of Jones, Day, Reavis & Pogue in the Federal criminal proceeding. By letter dated February 18, 1997, Mr. McNulty advised the Departmental Disciplinary Committee that he does not represent respondent with respect to the instant disciplinary matter and does not know whether respondent has retained counsel to do so. Mr. McNulty further advised that respondent is currently incarcerated in Federal prison in Wisconsin. Thereafter, the Committee served the instant petition on respondent directly. Respondent has not filed any response.

supervised probation upon his release and is required to make immediate restitution of approximately $9.9 million.

By petition dated January 24, 1997, the Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Petitioner contends that several of the Federal felonies of which respondent stands convicted are essentially similar to New York felonies and, consequently, provide a proper predicate for his automatic disbarment under Judiciary Law § 90 (4) (b) (see, Matter of Margiotta, 60 NY2d 147, 149). Specifically, the Committee asserts that bank fraud in violation of 18 USC § 1344 is essentially similar to the New York felonies of grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65). In addition, the Committee asserts, the Federal crime of receiving stolen money in violation of 18 USC § 2315 (of which respondent was convicted on 3 counts) is analogous to the New York felony of criminal possession of stolen property in the third degree (Penal Law § 165.50).

As this Court found in Matter of Cooper (196 AD2d 137, 138), respondent's conviction of bank fraud is a proper predicate for automatic disbarment because "that offense is 'essentially similar' to New York Penal Law § 155.40, grand larceny in the second degree (a class C felony) and New York Penal Law § 190.65, scheme to defraud in the first degree (a class E felony)." This Court went on to state: "Both the Federal statute and the New York statutes concern schemes to obtain money by means of false or fraudulent pretenses, representations, or promises. While the Federal statute specifically involves a scheme to obtain money from a financial institution and the New York statutes are not so narrowly limited, it can nevertheless be concluded that the statutes encompass the same misconduct and are 'essentially similar' for purposes of automatic disbarment." (Supra, at 138-139; see also, Matter of Maloney, 190 AD2d 191.)

Additionally, respondent's conviction on three counts of receiving stolen money provides an independent ground for his automatic disbarment. Pursuant to 18 USC § 2315, a person is guilty of receiving stolen property: "Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more * * * which have crossed a State or United

States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken".

Section 165.50 of the Penal Law provides that person is guilty of criminal possession of stolen property in the third degree (a class D felony) when he: "knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars." While the Federal statute is, once again, more specific, the statutes "encompass the same misconduct and are 'essentially similar' for purposes of automatic disbarment" (*Matter of Cooper, supra,* at 139).

Accordingly, in light of the foregoing, the petition is granted and respondent's name is stricken from the roll of attorneys in the State of New York.

MURPHY, P. J., WILLIAMS, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 1, 1997.