[674 NYS2d 638]

In the Matter of PATRICK H. MONTERO (Admitted as PATRICK HENRY MONTERO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 2, 1998

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Patrick H. Montero, was admitted to the

practice of law in the State of New York by the First Judicial Department on July 1, 1991, as Patrick Henry Montero.

Respondent was charged in a seven-count indictment filed in the United States District Court, Middle District of Florida (Tampa Division) with one count of conspiring to distribute and possess a controlled substance, in violation of 21 USC § 846 (Count 1); two counts of distributing and possessing a controlled substance, in violation of 21 USC § 841 (a) (1) (Counts 2 and 3); one count of using a telephone in a drug transaction (wire fraud), in violation of 21 USC § 843 (b) (Count 4); and three counts of tampering with witnesses, in violation of 18 USC § 1512 (b) (Counts 5, 6, and 7). On September 30, 1997, respondent, who was at the time an Assistant State Attorney in Polk County, Florida, pleaded guilty to Counts 1 and 6 of the indictment, both felonies.

The Departmental Disciplinary Committee is seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of felonies as defined by Judiciary Law § 90 (4) (e). The petition was served by mail upon respondent's attorney on March 27, 1998 and there has been no response.

The Committee asserts that respondent's convictions are a basis for automatic disbarment since they are essentially similar to New York felonies under Judiciary Law § 90 (4) (e). Respondent's conviction under 21 USC § 846 for conspiring to distribute, or possess with an intent to distribute, a controlled substance in violation of 21 USC § 841 (a) (1) is "essentially similar" to the New York felony of criminal possession of a controlled substance in the second degree, in violation of Penal Law § 220.18 (*Matter of Kim*, 209 AD2d 127, 130). Criminal possession of a controlled substance in the second degree requires that a person knowingly possess two or more ounces of methamphetamine (subdivision [2]) or 10 grams of a stimulant (subdivision [3]). In his plea allocution, respondent admitted that he obtained a minimum of two ounces of methamphetamine and that he, and other individuals he enlisted, sold the drugs for profit.

Accordingly, in light of the foregoing, respondent's name should be stricken from the roll of attorneys in the State of New York.

SULLIVAN, J. P., NARDELLI, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective June 2, 1998.