[683 NYS2d 257]

In the Matter of PASQUALE V. STISO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1999

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Mark M. Baker* of counsel (*Brafman Gilbert & Ross, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice as an attorney and counselor-at-law in February 1986 by the Appellate Division, Second Department. During all of the pertinent periods he has maintained an office for the practice of law in the First Judicial Department.

Respondent was charged in a four-count superseding indictment filed in the United States District Court for the Southern District of New York with one count of conspiring to distribute and possess a controlled substance, in violation of 21 USC § 846 (Count 1); two counts of obstructing the administration of justice, in violation of 18 USC § 1503 (Counts 2 and 3); and one count of conspiring to obstruct justice, in violation of 18 USC § 371 (Count 4). On August 12, 1998, respondent pleaded guilty to the information and admitted all the facts therein.

Judiciary Law § 90 (4) (e) provides in pertinent part as follows: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

In his plea allocution, respondent admitted that he was "house counsel" for a heroin distribution organization in the Bronx known as the "Maisonet" heroin organization and that he received $250,000 that he knew were proceeds of drug sales and safeguarded the funds for the Maisonet organization. To be guilty of criminal possession of a controlled substance in the fourth degree, a person must knowingly possess a "narcotic drug". Respondent's plea allocution, therefore, establishes that his conviction of violating 21 USC § 846 for conspiring to distribute, or possess with an intent to distribute, a controlled substance in violation of 21 USC § 841 (a) (1) is "essentially similar" to the New York felony of criminal possession of a controlled substance in the fourth degree. (*Matter of Montero*, 242 AD2d 161, 162.) From the moment of conviction respondent ceased to be a member of the Bar (*Matter of Ginsberg*, 1 NY2d 144).

Accordingly, the name of respondent should be stricken from the roll of attorneys and counselors-at-law.

NARDELLI, J. P., RUBIN, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective the date hereof.