[721 NYS2d 1]

In the Matter of RONALD SILVER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 11, 2001

## APPEARANCES OF COUNSEL

*James T. Shed* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ronald Silver was admitted to the practice of law in New York by the First Judicial Department on December 23, 1968. He has not maintained an office for the practice of law in this State.

In connection with a scheme to defraud several banks, respondent laundered the funds so obtained and diverted such funds to his own control. On December 21, 1998 and on January 25, 1999, respondent pleaded guilty before the United States District Court for the Southern District of Florida to several charges of bank fraud in violation of 18 USC § 1344 and 2, and on January 25, 1999, he pleaded guilty to charges of engaging in monetary transactions in property derived from specified unlawful activity—money laundering—in violation of 18 USC § 1957, for which he was sentenced on May 12, 2000 to a total of 66 months incarceration, three years probation, and a fine.

The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on the basis that he was automatically disbarred (*Matter of Margiotta*, 60 NY2d 147, 149) upon conviction of a felony under Judiciary Law § 90 (4) (e). As we have previously held (*Matter of Cooper*, 196 AD2d 137; *Matter of Landan*, 231 AD2d 303), respondent's conviction of bank fraud under the Federal statute is essentially similar to the New York offenses of grand larceny in the second degree, a C felony (Penal Law § 155.40) and scheme to defraud in the

first degree, an E felony (Penal Law § 190.65). By order of the Florida Supreme Court dated April 13, 2000, respondent has already been disbarred in the State of Florida as a result of this conviction.

Pursuant to the provisions of Judiciary Law § 90 (4) (b), the petition should be granted and respondent's name stricken from the roll of attorneys.

SULLIVAN, P. J., ROSENBERGER, NARDELLI, TOM and LERNER, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.