[602 NYS2d 844]

In the Matter of JOEL H. COHEN (Admitted as JOEL HARVEY COHEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 1993

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Francis J. Murray* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Joel H. Cohen was admitted to the practice of law in New York by the Second Judicial Department in June 1959. At all times relevant respondent has maintained an office for the practice of law within the First Judicial Department.

On November 16, 1990, respondent was convicted on a plea of guilty in the United States District Court for the Eastern District of New York of one count of filing a false income tax return, in violation of 26 USC § 7206 (1), which is a felony under the United States Code. He received a suspended sentence, probation for a period of five years with the condition that he pay all back taxes as agreed upon; a fine of $50,000 was imposed, as well as the requirement of performance of 250 hours of community service.

Although this Court has previously determined that respondent has been convicted of a "serious crime", as defined by Judiciary Law § 90 (4) (d), he was not suspended pending a hearing before the Departmental Disciplinary Committee.

The respondent has paid his fine in full and completed his community service obligation. However, as yet there has been no agreement with the Internal Revenue Service as to the amount of back tax due and, therefore, unsupervised probation has been continued.

The Committee has recommended that respondent be suspended from the practice of law for a period of one year or the length of probation, whichever is longer, and until further order of this Court.

Respondent asserts that censure is the appropriate sanction because of his otherwise unblemished record.

As a general policy, unless there are special circumstances, an attorney should not be permitted to practice law while on probation *(Matter of Wernick,* 128 AD2d 260).

The petition of the Departmental Disciplinary Committee is granted and its findings of fact, conclusions of law and recommendation as to sanction are approved and the respondent is suspended from the practice of law for a period of one year or the length of his term of probation, as presently constituted or changed, whichever is longer, and until the further order of this Court.

MURPHY, P. J., SULLIVAN, CARRO, KUPFERMAN and ROSS, JJ., concur.

Respondent is suspended from the practice of law, effective November 19, 1993, for a period of one year or the length of his term of probation, whichever is longer, and until the further order of this Court, as indicated.