[613 NYS2d 591]

In the Matter of G. ALEXANDER NOVAK, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 14, 1994

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, G. Alexander Novak, was admitted to the practice of law in New York by the Second Judicial Department on November 26, 1980. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

On October 28, 1991, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiring to submit false documents to a government agency, in violation of 18 USC §§ 371 and 1001, which is a felony under the United States Code.

On July 1, 1992, respondent was sentenced to three years' unsupervised probation and fined $20,000.

Respondent's conviction arose out of events which took place between December 1989 and January 1990 when he conspired with others to impede the functions of the Internal Revenue Service (IRS) by providing a brokerage company with the tax identification number of a religious corporation, one of the recipients of the proceeds from a stock transaction, as the sole recipient of the proceeds.

In May 1992, the Departmental Disciplinary Committee moved for an order determining that the crime of which respondent was convicted was a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law and directing respondent to show cause why a final order of censure, suspension or disbarment should not be made.

By order entered November 5, 1992, this Court granted the Committee's petition, suspended respondent from the practice of law and directed that this matter be referred to the Committee for a sanction hearing.

Hearings were held before a Hearing Panel on June 8, 1993, July 13, 1993 and August 5, 1993.

By motion dated December 9, 1993, the Departmental Disciplinary Committee requests an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing any sanction this Court deems appropriate. The Committee requests that the Court adopt the Hearing Panel's recommenda-

tion to suspend respondent for a period of two years, retroactive to July 1, 1992 or until the termination of respondent's probation, whichever is longer. However, Staff Counsel opposes automatic reinstatement when a suspension is longer than six months.

Respondent stands convicted of one count of conspiring to submit false documents to a government agency, in violation of 18 USC §§ 371 and 1001, which is a felony under the United States Code. As in all "serious crime" cases, the only issue for the Court to decide is the appropriate sanction to impose upon the respondent based upon the offense committed and any mitigating or aggravating circumstances.

Respondent's conviction was based upon his conspiring to impede, impair and obstruct the functioning of the IRS by, among other things, providing false information to the IRS to hide profits from the sale of stock of a corporation.

In the course of the plea allocution, respondent admitted that money was washed through a tax-exempt nonprofit religious corporation to conceal from the IRS both the source of the money and the receipt of the money. In mitigation of his misconduct respondent admitted his criminal conduct, cooperated with the Government and expressed remorse for his actions. The testimony of the character witnesses indicated that respondent is generous and unselfish and has otherwise led an exemplary life. The sentence in the District Court reflected a view that respondent's life was "otherwise exemplary", that his criminal deeds were "aberrational", and that he provided "substantial assistance" to the Government.

In *Matter of Levine* (168 AD2d 116 [1st Dept 1991]) an analogous situation was involved in that Levine aided a client in avoiding a substantial tax liability by submitting false documents to the IRS. Levine was convicted of one count of aiding a client to file a false income tax return, in violation of 26 USC § 7206. Levine was active in community affairs and had an unblemished 30-year career at the Bar. This Court suspended Levine from the practice of law coextensive with the term of his probation which was three years.

As such, it can be concluded that the Hearing Panel's recommended sanction of suspension from the practice of law for a period of two years retroactive to July 1, 1992, the date of sentencing in Federal court, or for the length of his Federal probation, whichever is longer, is appropriate in this case.

On February 14, 1994, respondent's counsel submitted to

this Court a copy of an order dated February 1, 1994, entered by Federal Judge Cedarbaum, terminating respondent's term of probation and, upon the application of the Government, remitting the unpaid portion of respondent's fine. As such, respondent is presently eligible for reinstatement on July 1, 1994. The question that arises is whether this Court should follow the Hearing Panel's recommendation and automatically reinstate respondent at the end of the two-year period.

No issue has been raised that respondent has failed to comply with the interim order of suspension or that he has engaged in the practice of law since the date of his sentencing by the Federal court. Moreover, respondent appeared before a Hearing Panel as recently as August 5, 1993 and several character witnesses testified on his behalf. It does not appear that any purpose would be served by compelling respondent to withstand a lengthy reinstatement proceeding at this point and such would unduly prolong the length of respondent's suspension.

Accordingly, the Disciplinary Committee's petition should be granted, the Hearing Panel's report confirmed, and the respondent suspended from the practice of law for a period of two years, retroactive to July 1, 1992, the date of his sentencing by the District Court, or for the period of his probation, whichever is longer. His probation period having been terminated by the District Court, respondent should be reinstated as an attorney and counselor-at-law, effective July 1, 1994, without further proceedings.

ROSENBERGER, J. P., WALLACH, ASCH, RUBIN and WILLIAMS, JJ., concur.

The motion is granted, the Hearing Panel's report is confirmed, and respondent is suspended from the practice of law for a period of two years, retroactive to July 1, 1992, and he will be reinstated as an attorney and counselor-at-law, effective July 1, 1994, without further proceedings.