[647 NYS2d 200]

In the Matter of JOAQUIN RIVERA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 12, 1996

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Murray Richman* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Joaquin Rivera, was admitted to the practice of law in New York by the First Judicial Department on

December 12, 1966. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.

On November 30, 1995, the respondent was convicted by a jury verdict, in the United States District Court for the Southern District of New York, of the crime of conspiracy to commit offense or to defraud the United States, in violation of 18 USC § 371. That crime is a felony under the United States Code. The evidence disclosed a money laundering scheme involving the placing of cash derived from heroin sales in real estate investments, in order to conceal the nature and source of the cash and to increase the profits derived from the heroin transactions.

The crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). The relevant Judiciary Law section defines a serious crime as follows: "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state". Section 603.12 (b) of the Rules of this Court states: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law." There can be no doubt that the crime of which the respondent was convicted, which includes facilitating and enhancing the large scale sale of heroin, is serious.

Judiciary Law § 90 (4) (f) provides that an attorney who has been convicted of a serious crime shall be suspended until the final order is made. CPL 1.20 (13) defines "conviction" to mean, *inter alia*, "a verdict of guilty upon [ ], an accusatory instrument other than a felony complaint, or to one or more counts of such instrument".

Accordingly, the petition of the Departmental Disciplinary Committee should be granted; the offense of which respondent has been convicted deemed to be a serious crime; the respondent suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), immediately; and the respondent directed to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be made.

MURPHY, P. J., ROSENBERGER, ROSS, WILLIAMS and TOM, JJ., concur.

Petition granted, and the crime of which respondent has been convicted is found to be a serious crime, and respondent

is suspended from the practice of law, effective immediately, and until the further order of this Court, and respondent is directed to show cause before the Departmental Disciplinary Committee, why a final order of censure, suspension or disbarment should not be made.