[679 NYS2d 117]

In the Matter of HARRIS J. RAKOV (Admitted as HARRIS JOEL RAKOV), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 22, 1998

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Harris J. Rakov,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Harris J. Rakov was admitted to the practice of law by the First Judicial Department on February 11, 1969. At

all times relevant to this proceeding, respondent has practiced law within the First Judicial Department.

On November 15, 1995, respondent was convicted after trial in the United States District Court for the Southern District of New York of five counts of tax evasion in violation of 26 USC § 7201, which are felony crimes under the United States Code. On March 26, 1996, respondent was sentenced to three years' probation, home detention for a period of six months, a fine of $20,000 and restitution to the Internal Revenue Service.

On October 10, 1996 (225 AD2d 34), we granted the Departmental Disciplinary Committee's (Committee) petition for an order determining that the crime for which respondent was convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause before the Committee why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g], [h]).

A Hearing Panel was convened and heard evidence on December 9, 1996, May 29, 1997 and June 19, 1997. Respondent's conviction was based on his failure to declare approximately $127,330 in interest income on his Federal tax returns between 1989 and 1993. The interest income was from a loan that respondent had made to a friend. Respondent claimed that since he was worried that his friend would default on the loan payments, he treated the latter's monthly payments as the return of principal, not interest. The Hearing Panel rejected respondent's explanation, but also found that both sides were precluded from relitigating any aspect of respondent's conviction. After considering respondent's failure to pay most of his fine in aggravation, and his character witnesses and lack of prior disciplinary record in mitigation, the Hearing Panel recommended that respondent be suspended for 1½ years, retroactive to the date of his Federal sentencing, or for a period coextensive with his Federal probation, whichever was longer.

By motion dated April 6, 1988, the Committee moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings, conclusions and recommendations of the Hearing Panel. In his opposition papers, respondent acknowledges his guilt, but nevertheless alleges that this tax dispute would ordinarily be treated as a civil matter, and resulted in a criminal prosecution only because he was unable to provide Federal agents with information concerning a public

corruption investigation. Regarding the recommended sanction, respondent vigorously disputes one of the aggravating factors relied upon by the Committee, namely, that he has "voluntarily" failed to pay his fine. He states that he has exhausted his savings paying legal fees, tax delinquencies and in supporting his family. He asserts that his suspension has placed him in a "Catch 22", whereby his lack of employment has prevented him from satisfying his financial liabilities.

We confirm the findings, conclusions and recommendation of the Hearing Panel. As respondent is precluded from relitigating his conviction of a "serious crime" (see, 22 NYCRR 603.12 [c]; 605.13 [j] [3]), the only issue to decide is the appropriate sanction based upon the offense committed and any mitigating or aggravating circumstances (Matter of Novak, 200 AD2d 66, 68). A more severe suspension than other cases involving felony tax evasion is warranted here, since there are five separate counts of tax evasion, occurring over a five-year period (see, Matter of Barnes, 241 AD2d 13). Also, according to the United States Department of Probation, as of May 28, 1997, respondent had voluntarily paid only $650 of the $20,000 fine imposed by the District Court. Further, this minuscule amount renders his assertion that he has been paying 25 to 50 dollars a month since March 1996, after an initial $500 payment, highly suspect. Although respondent cites the Panel's indifference to his financial plight, by his own admission he still owes $6,500 of his Federal fine despite continued monthly loan repayments of $1,650.

As it has long been this Court's policy to prohibit the practice of law while an attorney is on felony probation (Matter of Cohen, 193 AD2d 197), respondent's suspension should be for a period of 1½ years, retroactive to his October 10, 1996 interim suspension, or for the term of his Federal probation, whichever is longer (Matter of Cohen, supra).

Accordingly, the Hearing Panel's findings, conclusions and recommendations are confirmed, respondent is suspended from the practice of law for a period of 1½ years, retroactive to October 10, 1996, or for the term of his Federal probation, whichever is longer, and until further order of this Court, his reinstatement being conditioned upon proof that all Federal, State and local income tax obligations, including fines, interest and penalties, have been satisfied.

ROSENBERGER, J. P., WALLACH, RUBIN, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted and the Hearing Panel's findings, conclusions and recommendations are confirmed. Respondent suspended from the practice of law as an attorney and counselor-at-law in the State of New York for a period of one and one-half years, retroactive to October 10, 1996, or for the term of his Federal probation, whichever is longer, and until the further order of this Court, all as indicated.