[687 NYS2d 633]

In the Matter of NATHANIEL K. CHARNY (Admitted as NATHANIEL KIRES CHARNY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1999

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Nathaniel K. Charny was admitted to the practice of law in the State of New York by the Second Judicial Department on November 3, 1993. At all times relevant to the

instant proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about October 1, 1998, respondent pleaded guilty to an information filed in the United States District Court for the Southern District of New York charging him with one count of conspiracy to defraud the United States in violation of 18 USC § 371, a felony under the United States Code. The information alleges that respondent, a former associate at Cohen, Weiss & Simon, which represented Ronald Carey in his 1996 bid for re-election as president of the Teamster's Union, lied about the legitimacy of several contributions to that campaign to an election officer who was investigating illegal fund-raising activity. Respondent has not been sentenced.

By petition dated January 4, 1999, the Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent as an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee appointed by the Court, who shall thereupon hold a hearing within 90 days of respondent's sentence and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Respondent admits that he pleaded guilty to an offense which is a "serious crime" as defined by Judiciary Law § 90 (4) (d). He also consents to an interim suspension. Respondent does not oppose the Committee's request that the mitigation hearing take place after he has been sentenced, but he requests that the hearing be held as soon as possible after sentencing and, in any event, no later than 60 days thereafter. Respondent sets forth mitigating factors which are not relevant to the instant motion, but which should be considered at the sanction hearing.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as "any criminal offense denominated a felony under the laws of any state, district or territory of the United States which does not constitute a felony under the laws of this state".

Section 603.12 (b) of the Rules of this Court states in pertinent part, "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law".

The crime of which respondent has been convicted, conspiracy to defraud the United States, in violation of 18 USC § 371,

is a "serious crime" insofar as it is a felony under the United States Code (*see*, *Matter of Rivera*, 223 AD2d 345). The guilty verdict in this case is a sufficient predicate for the petition (*see*, *Matter of Kourland*, 172 AD2d 77).

Judiciary Law § 90 (4) (f) provides that, upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court shall suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policy that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (*see*, *Matter of Woodward*, 218 AD2d 65).

Accordingly, the Committee's petition should be granted and the offense of which respondent has been found guilty found to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b) and respondent should be suspended from the practice of law, effective immediately, pursuant to Judiciary Law § 90 (4) (f). Respondent is directed to show cause, pursuant to Judiciary Law § 90 (4) (g) and (h), before a Referee appointed by the Court, pursuant to 22 NYCRR 603.4 (d), why a final order of censure, suspension, or disbarment should not be made, and the Referee shall hold a hearing, within 90 days from the date of respondent's sentencing in Federal court, and issue a report and recommendation to this Court.

ELLERIN, P. J., WILLIAMS, RUBIN, MAZZARELLI and SAXE, JJ., concur.

Petition granted, and the offense of which respondent has been found guilty deemed a "serious crime", and respondent suspended from the practice of law, effective immediately. Respondent directed to show cause before a Referee why a final order of censure, suspension, or disbarment should not be made, as indicated.