[706 NYS2d 101]

In the Matter of AARON J. BERTEL (Admitted as AARON JAY BERTEL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 2000

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Aaron J. Bertel was admitted to the practice of law in the State of New York by the Second Judicial Department on May 2, 1979, as Aaron Jay Bertel. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On August 15, 1997, respondent pleaded guilty in Federal District Court to conspiracy to defraud the United States and the Internal Revenue Service (18 USC § 371) and filing fraudulent income tax returns (26 USC § 7206 [2]). These charges arose out of a scheme by which a family-owned wholesale fruit and vegetable business paid employees "off-the-books" and underreported the company's taxable income, a scheme of which respondent was aware and in which he participated to a limited extent.

By an order and decision entered January 26, 1999, this Court granted the petition of the Department Disciplinary Committee to the extent of determining that the crimes of which respondent has been convicted are serious crimes as defined by Judiciary Law § 90 (4) (d), suspended him from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directed him to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made (*Matter of Bertel*, 252 AD2d 256).

After a hearing held on August 18, 1999, the Referee, in a report and recommendation dated October 5, 1999, recommended that respondent be suspended from the practice of law for three years, or for the duration of his Federal probationary period, whichever is longer. On November 10, 1999, a Hearing Panel heard oral argument and a majority of the Panel issued a determination, dated November 19, 1999, affirming the Referee's report and recommendation.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the determination of the Hearing Panel which confirmed the findings of fact,

conclusions of law and recommendation of the Referee. Respondent joins in the application insofar as he seeks a suspension of three years, co-extensive with respondent's probationary sentence.

In view of the mitigating factors, as found by the Referee, this case is comparable to others in which a three-year suspension was imposed (*see, e.g.*, *Matter of Cantor*, 252 AD2d 269; *Matter of Greenberg*, 212 AD2d 310). Respondent did not instigate the scheme, but acquiesced in order to save his father's business from bankruptcy. Unlike *Matter of Messinger* (181 AD2d 379), in which a five-year suspension was imposed, where the conduct in question included direct participation in the purposeful preparation of fraudulent tax returns, respondent had only limited personal participation in carrying out the scheme. Further, as the Referee noted, respondent accepted responsibility for his crimes, expressed remorse, and had no disciplinary history.

Accordingly, in light of the foregoing, the petition should be granted, the Hearing Panel's findings of fact and conclusions of law and its recommended sanction confirmed and respondent suspended from the practice of law for a period of three years retroactive to February 25, 1999, the date of his interim suspension, or for the period of his supervised release, whichever is longer.

SULLIVAN, P. J., ROSENBERGER, WALLACH, ANDRIAS and SAXE, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York for a period of three years, retroactive to February 25, 1999, and until the further order of this Court, as indicated.