[707 NYS2d 172]

In the Matter of MARTIN OZER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 2000

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Martin Ozer, was admitted to the practice of

law in the State of New York by the Second Judicial Department on October 15, 1958. At all times relevant to the instant proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On November 22, 1999, this 66-year-old respondent pleaded guilty to an information filed in the United States District Court for the Southern District of New York to one count of accessory after the fact, in violation of 18 USC § 3, which is a felony under the United States Code.* Specifically, respondent admitted that with knowledge that his client had committed bank fraud on four banks, he engaged in conduct designed to delay discovery of the fraud by the banks. Respondent has not yet been sentenced.

The Departmental Disciplinary Committee (the Committee) seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and the Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent as an attorney and counselor-at-law pending further proceedings; and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee appointed by the Court, who shall hold a hearing and issue a report and recommendation to the Court, as to why a final order of censure, suspension or disbarment should not be made.

Judiciary Law § 90 (4) (d) defines a "serious crime" in pertinent part as "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state." Section 603.12 (b) of the Rules of this Court states in relevant part, "The term serious crime shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law." The crime for which respondent has been convicted, accessory after the fact, is a "serious crime" insofar as it is a felony under the United States Code (see, Matter of Rivera, 223 AD2d 345).

In mitigation, respondent notes that he has not been the subject of any disciplinary action in the past 17 years; that his prior disciplinary record relates to events that occurred between 17 and 37 years ago; and that his reputation and

---

* On May 12, 1999, respondent was charged in an indictment with one count of conspiracy, four counts of bank fraud, and three counts of fraud with respect to bank loans, all felonies under the United States Code.

character are "excellent." However, respondent's prior disciplinary record is extensive, involving five admonitions and a one-year suspension.

Accordingly, the Committee's petition should be granted, the offense for which respondent has been found guilty deemed to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and the Rules of this Court (22 NYCRR) § 603.12 (b), and respondent suspended from the practice of law pending further proceedings. Respondent is directed to show cause before a Referee appointed by the Court, who shall hold a hearing and issue a report and recommendation to this Court as to why a final order of censure, suspension, or disbarment should not be made.

ROSENBERGER, J. P., WILLIAMS, RUBIN, SAXE and BUCKLEY, JJ., concur.

Petition granted insofar as to deem the offense of which respondent has been convicted to be a "serious crime"; to suspend respondent from the practice of law in the State of New York, effective the date hereof, and until further order of this Court; and to direct respondent to show cause before a Referee why a final order of censure, suspension, or disbarment should not be made, all as indicated.