[729 NYS2d 485]

In the Matter of STANLEY A. SCHUTZMAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 16, 2001

**APPEARANCES OF COUNSEL**

*Andras N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Peter L. Maroulis* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stanley A. Schutzman was admitted to the practice of law in the State of New York by the First Judicial Department on January 30, 1978. Jurisdiction is based upon respondent's admission to this Department.

On April 22, 1998, respondent pleaded guilty in United States District Court for the Southern District of New York, in satisfaction of a multi-count indictment to one count of conspiracy to defraud the Internal Revenue Service in violation of 18 USC § 371, which is a felony under the United States Code. Respondent was sentenced to two years supervised release and ordered to pay a special assessment of $50.

By order entered October 17, 2000, this Court granted the petition of the Departmental Disciplinary Committee (Committee) for an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), and based thereon, suspended respondent from the practice of law effective November 16, 2000 pursuant to Judiciary Law § 90 (4) (f), and directed the Committee to conduct a hearing on the issue of an appropriate sanction pursuant to Judiciary Law § 90 (4) (g).

On February 7, 2001, a hearing was held to determine the appropriate sanction. At the conclusion thereof, the Committee and respondent jointly submitted letters and case precedent supporting a two-year suspension retroactive to the date of the interim suspension—November 16, 2000. The Hearing Panel (the Panel) issued a report and recommendation dated March 19, 2001, adopting the recommended sanction of a two-year suspension, retroactive to November 16, 2000.

There is no dispute as to the factual basis for respondent's crime. From January 1990 through June 1991 he was managing a textile business that was having financial difficulties, and he and three others used the business's diminished cash to pay employees and continue operation rather than remitting the required tax payments to the Internal Revenue Service (IRS). In mitigation, the Panel noted the respondent's genuine remorse, his lack of a prior disciplinary record, and the stress he was experiencing at the time due to his wife's mental condition. The Panel also considered that respondent had made diligent efforts to withdraw from active cases at the time of his suspension, and it noted respondent's testimony that he

intended to make restitution of $200,000 to the IRS. The Panel also considered, in aggravation, that the offense took place over an 18-month period, rather than constituting a single event. The Panel found that the joint recommendation of a retroactive two-year suspension "is appropriate based upon precedent and strikes a fair balance between the seriousness of the offense and the mitigating factors."

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 605.15 (e) (2) confirming the Hearing Panel's report and recommendation suspending the respondent from the practice of law for two years nunc pro tunc to November 16, 2000. Respondent has submitted his affidavit joining in the Committee's motion and acknowledging responsibility for his crime.

The Hearing Panel's determination is supported by the evidence. Respondent's criminal conduct balanced with his evidence in mitigation falls within precedent imposing two-year suspensions (*see, Matter of Gogel*, 263 AD2d 222 [two-year suspension for conspiring to structure currency transactions and defraud the IRS based upon attorney's involvement in a kickback scheme]; *Matter of Novak*, 200 AD2d 66 [two-year suspension for participation in conspiracy to impede the functioning of the IRS by providing false information to hide profits from the sale of corporate stock]).

Accordingly, the Departmental Disciplinary Committee's motion to confirm the Hearing Panel's determination and to impose the sanction of a two-year suspension from the practice of law, retroactive to November 16, 2000, should be granted.

MAZZARELLI, J. P., ANDRIAS, LERNER, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years nunc pro tunc to November 16, 2000.