[733 NYS2d 31]

In the Matter of MARTIN OZER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 15, 2001

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Martin Ozer, was admitted to the practice of

law in the State of New York by the Second Judicial Department on October 15, 1958. At all times relevant to the instant proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

This Court, by an order and decision entered May 9, 2000 (*Matter of Ozer*, 271 AD2d 119), granted the petition of the Departmental Disciplinary Committee (the DDC), based upon respondent's felony conviction on his November 22, 1999 plea of guilty in the United States District Court for the Southern District of New York to one count of accessory after the fact (18 USC § 3) in satisfaction of a multicount indictment, and deemed the offense of which respondent was convicted a "serious crime." We suspended respondent until further order of the Court, and appointed a Referee to conduct a sanction hearing. The matter was adjourned until respondent completed serving his five-month jail sentence and to accommodate his counsel's health. On April 24, 2001, the hearing was held and by a report issued August 2, 2001, the Referee recommended disbarment. Oral arguments before a DDC Hearing Panel are being held in abeyance pending determination of this motion.

The DDC now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation and striking his name from the roll of attorneys. The DDC staff states that respondent's affidavit conforms to the requirements set forth at 22 NYCRR 603.11 in that he avers that his resignation is voluntary, free from coercion or duress, and submitted with a full awareness of its implications.

Respondent concedes that he cannot successfully defend himself against the charge of professional misconduct arising out of his criminal activity, but requests that the Court enter an order removing his name from the roll of attorneys "on consent," effective the date of his interim suspension—May 9, 2000. Respondent's attorney argues that "fundamental fairness dictates" that the order accepting respondent's resignation should recognize that respondent has actually been removed from the Bar pursuant to the "serious crime" interim suspension order issued 1½ years ago. However, we find no cogent basis for granting respondent this relief.

Accordingly, the DDC's motion should be granted, respondent's resignation accepted, effective nunc pro tunc to the date of his affidavit of resignation, August 29, 2001, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

ROSENBERGER, J. P., WILLLIAMS, RUBIN, SAXE and BUCKLEY, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 29, 2001.