[765 NYS2d 250]

In the Matter of DAVID A. SCHECHTER (Admitted as DAVID ALAN SCHECHTER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2003

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David A. Schechter was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1962, under the name David Alan Schechter.

On May 1, 1997, respondent pleaded guilty to the first count of an indictment which charged him with conspiracy to unlawfully intercept wire and oral communications, to possess illegal wiretapping and bugging devices and to carry illegal wiretapping and bugging devices in interstate commerce, in violation of 18 USC § 371, a felony under the United States Code. On April 24, 2003, the Supreme Court of Kentucky, the state in which respondent has lived and worked for 40 years and where, at all times relevant to these charges, he maintained an office for the practice of law, suspended respondent for a period of two years. On June 24, 2003, this Court determined that the crime of which respondent has been convicted is a serious crime, suspended him pending further order of the Court and referred the matter for a hearing before a referee (*Matter of Schechter*, 308 AD2d 26 [2003]).

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation based on his inability to successfully defend himself on the merits against the charges that are the subject of the disciplinary investigation. Respondent's affidavit satisfies the criteria of 22 NYCRR 603.11 in that he acknowledges that there is a disciplinary proceeding against him based on his conviction and that he could not successfully defend himself against these charges and states that his resignation is voluntary, free from coercion or duress, and submitted with full awareness of its implications.

Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to the date of his affidavit of resignation, July 25, 2003.

NARDELLI, J.P., MAZZARELLI, SAXE, SULLIVAN and GONZALEZ, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 25, 2003.