[846 NYS2d 574]

In the Matter of LUIS A. FLORES (Admitted as LUIS ALBERTO FLORES), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 11, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Luis A. Flores was admitted to the practice of law in the State of New York by the First Judicial Department on January 22, 1996, as Luis Alberto Flores. At all times relevant to these proceedings, respondent maintained a business address within this Judicial Department.

On September 21, 2004, respondent was found guilty, after a jury trial, of conspiracy to launder money in violation of 18 USC § 1956, three counts of money laundering in violation of 18 USC § 1957, and conspiracy to structure transactions in violation of 18 USC § 371, and on January 20, 2005 he was sentenced to a term of incarceration of 32 months, followed by a two year period of supervised release, and fined $17,000. This Court granted the petition of the Departmental Disciplinary Committee to deem these offenses "serious crimes" and immediately suspended respondent, on consent, until further order (*see Matter of Flores*, 23 AD3d 79 [2005]).

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on September 24, 2007, complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that there is currently a disciplinary proceeding pending against him based on the criminal conviction, and (3) he could not successfully defend himself on the merits in that proceeding (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Respondent's request that his resignation be made effective as of the date of his interim suspension rather than the date of his affidavit of resignation is denied (*see Matter of Ozer*, 287 AD2d 196 [2001]).

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to September 24, 2007.

Tom, J.P., Mazzarelli, Saxe, Friedman and Buckley, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 24, 2007.