OPINION OF THE COURT
Per Curiam.
Respondent Theodore Levy Freedman was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1992. At all times relevant, he maintained an office for the practice of law within this Judicial Department.
On March 5, 2013, respondent pleaded guilty in the United States District Court for the Southern District of New York to four counts of making and subscribing to false U.S. income tax returns in violation of 26 USC § 7206 (1), a felony under the U.S. Code. Respondent admitted underreporting approximately $2 million of his K-l income when he filed his federal income tax returns for tax years 2001 through 2004. He was subsequently sentenced to a period of imprisonment of one year and one day, and upon his release, three years of supervised release. He was also ordered to pay restitution totaling over $800,000 to the Internal Revenue Service and New York State.
Prior to his sentencing, this Court, by order entered July 9, 2013, had granted the petition of the Departmental Disciplinary Committee (Committee), deeming the offenses of which respondent was convicted as “serious crimes,” and immediately suspended him, on consent and until further order of the Court, and directed that upon his release from prison, he was to appear for a sanction hearing before the Committee (see 109 AD3d 151 [1st Dept 2013]).
The Committee now moves for an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent’s February 27, 2015 affidavit of resignation from the practice of law, and striking his name from the roll of attorneys and counselors-at-law in the State of New York. In his affidavit, respondent indicates he is aware that a hearing will be convened to determine the appropriate sanction *86 to impose upon him as a result of his federal conviction, and acknowledges that he cannot successfully defend himself against the charges of misconduct. Respondent avers that he is fully aware of the implications of submitting his resignation, which he tenders freely, voluntarily, and without coercion or duress. He asks that rather than deeming his resignation effective February 27, 2015, the date of his affidavit, this Court in our discretion accept his resignation effective October 15, 2010, the date he claims to have voluntarily stopped practicing law. Respondent states he retired from his law firm when he became aware of the investigation into his criminal conduct, realizing that his situation would jeopardize his ability to represent or advise clients.
Customarily, the effective date of resignation is the date on which the attorney’s affidavit was sworn (see e.g. Matter of Schechter, 309 AD2d 197 [1st Dept 2003] [attorney convicted of “serious crime” in 1997; serious crime interim suspension order issued June 2003; resignation made effective July 2003, the date of the affidavit of resignation]). We have previously declined to grant similar requests seeking retroactivity (see Matter of Ozer, 287 AD2d 196, 197 [1st Dept 2001] [finding “no cogent basis” for accepting attorney’s resignation effective the date of the serious crime interim suspension order dated IV2 years earlier]; see also Matter of Flores, 47 AD3d 335 [1st Dept 2007]). We have also granted such requests (see Matter of Bertel, 268 AD2d 112 [1st Dept 2000] [following a sanction hearing, attorney convicted of federal conspiracy to defraud and filing fraudulent income tax returns was suspended for three years retroactive to date of serious crime interim suspension order]; Matter of Rakov, 250 AD2d 27 [1st Dept 1998] [same]). Here, respondent has not provided a persuasive reason for this Court to grant his request for retroactive treatment of his resignation beyond the date of his affidavit.
Accordingly, the Committee’s motion should be granted, respondent’s resignation from the practice of law accepted, and his name stricken from the roll of attorneys, nunc pro tunc to February 27, 2015.
Gonzalez, P.J., Friedman, Moskowitz, Manzanet-Daniels and Feinman, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 27, 2015.