Matter of Kiss (2018 NY Slip Op 03495)





Matter of Kiss


2018 NY Slip Op 03495


Decided on May 15, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
John W. Sweeny, Jr.
Rosalyn H. Richter
Judith J. Gische
Peter Tom, Justices.


M-454

[*1]In the Matter of Edward N. Kiss, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward N. Kiss, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward N. Kiss, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on October 7, 2004.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Deborah A. Scalise, Esq. for respondent.



Per Curiam


Respondent Edward N. Kiss was admitted to the practice of law in the State of New York by the Second Judicial Department on October 7, 2004. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
On or about May 11, 2017, the Attorney Grievance Committee made an application seeking respondent's interim suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5), based upon his conversion and/or misappropriation of at least $27,500 of client funds, which constituted professional misconduct immediately threatening the public interest. The Committee presented evidence that respondent improperly withdrew funds from a family trust and improperly deposited them into his own personal account. By order entered July 6, 2017, this Court immediately suspended respondent from the practice of law (152 AD3d 129 [1st Dept 2017]).
The Committee now moves for an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that respondent, having been suspended on an interim basis pursuant to 22 NYCRR 1240.9(a)(5), has failed to appear for further investigatory or disciplinary proceedings of which he has been given notice since the date of his interim suspension, and also has failed to respond to such notices.
In response to the Committee's motion, respondent has submitted an application to resign from the bar, pursuant to 22 NYCRR 1240.10. In his supporting affidavit, sworn to March 29, 2018, respondent acknowledges that he is currently the subject of disciplinary proceedings before this Court, that he was suspended by the aforementioned order dated July 6, 2017, and that he cannot successfully defend himself against the allegations of misconduct proffered against him, including the allegation that he willfully misappropriated client funds. Respondent states that he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences. Respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to any client whose money or property was willfully misappropriated and that he reimburse the Lawyers' Fund for Client Protection for any award that they may make [FN1]. Further, respondent submits his resignation subject to any future application that may be made by a Committee of any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order. The Committee does not oppose this Court's acceptance of respondent's resignation.
As respondent's affidavit of resignation from the practice of law conforms with 22 NYCRR 1240.10, this Court accepts his resignation and strikes his name from the roll of attorneys. Respondent, averring that he has complied with his suspension from the practice of law since it was entered, asks that his resignation be given effect, nunc pro tunc, to July 6, 2017, the date of his interim suspension, rather than as of March 29, 2018, the date of his affidavit of resignation. As it is this Court's practice to deem a suspended attorney's resignation from the bar effective as of the date on which the attorney's affidavit of resignation was sworn (see Matter of Freedman, 141 AD3d 84 [1st Dept 2015]; Matter of Flores, 47 AD3d 335 [1st Dept 2007]), we decline this request. We find it especially appropriate to adhere to our usual practice in this case, given respondent's failure to cooperate with the Committee's investigatory efforts during the pendency of his suspension until after the Committee moved to disbar him.
Accordingly, respondent's application should be granted to the extent of accepting his resignation from the practice of law, disbarring him, and striking his name from the roll of attorneys and counselors-at-law, with effect, nunc pro tunc, to March 29, 2018. The Committee's motion to disbar respondent is denied as moot.
All Concur.
Order filed. [May 15, 2018]
Petition is granted to the extent of accepting respondent's resignation from the practice of law, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 29, 2018.



Footnotes

Footnote 1:Respondent notes that prior to submission of his resignation, he made restitution in excess of the $27,500 amount specified in this Court's suspension order.